## SOWLES *v.* WITTERS.

*(Circuit Court, D. Vermont.* May 27, 1891.)

FEDERAL COURTS—JURISDICTION—FEDERAL LAWS.

The laws of a state respecting the enforcement of judgments, adopted, pursuant to Rev. St. U. S. § 916, by a rule of the federal district court for the government of judgment liens of such court, and for the guidance of the marshal in levying executions, derive their force from the United States, and not from the state; and a suit involving the question whether or not the marshal's proceedings in levying an execution issued out of the federal court was in conformity with such rule is a question arising under the laws of the United States, and cognizable by the federal courts.

In Equity. On motion to remand.
*Edward A. Sowles,* for oratrix.
*Chester W. Witters,* for defendant.

WHEELER, J. This suit was brought in a court of chancery of the state, to relieve the title to land which had been attached and levied upon by the marshal, and sold to the defendant on processes of this court, and attached and levied upon by a sheriff on processes of a state court against the same defendant, and sold to the oratrix, from the cloud created by the marshal's proceedings, which are alleged to be defective for irregularities in them. It has been brought into this court as arising under the laws of the United States, and now been heard on a motion to remand it to the state court. Section 916 of the Revised Statutes of the United States has provided that a party recovering judgment in these courts—

"Shall be entitled to similar remedies upon the same, by execution or otherwise, to reach the property of the judgment debtor, as are now provided in like causes by the laws of the state in which such court is held, or by any such laws hereafter enacted which may be adopted by general rules of such courts."

These proceedings of the marshal upon the execution were similar to those provided by a law of the state enacted in 1884, which was adopted by the eleventh of the general rules adopted by this court at the May term, 1885. They could be had only in similarity with those of the state law in force when section 916 was first enacted, which was in 1872; or with those enacted by the state afterwards, which had been adopted by general rules of the court. *Lamaster* v. *Keeler,* 123 U. S. 376, 8 Sup. Ct. Rep. 197. A case arises under the laws of the United States whenever the right of a party, whether plaintiff or defendant, depends upon a correct construction of them, in whole or in part. *Tennessee* v. *Davis,* 100 U. S. 257. The foundation of the case of the oratrix as made by her bill of complaint is the failure of the marshal to follow the laws of his guidance in his proceedings. Whether he has so followed those laws or not depends upon a correct construction of them. The decision upon this motion must depend upon the question whether they are laws of the United States, or of Vermont. The marshal was an officer of the United States, the execution was a process of the United States, and a natural

v.46F.no.7—32

supposition would be that the laws of the United States would govern him in serving it. The laws of the state are invoked for his guidance, and therefore the suit is said to arise under those laws, and not under the laws of the United States. In *Wayman* v. *Southard*, 10 Wheat. 1, counsel for the defendant argued that congress had no power over executions issued on judgments obtained by individuals, and that the authority of the states on this subject remained unaffected by the constitution; that the government of the United States could not by law regulate the conduct of its officers in the service of executions on judgments rendered in the federal courts, but that the state legislatures retained complete authority over them. As to this point Mr. Chief Justice MARSHALL said:

"The constitution concludes its enumeration of granted powers with a clause authorizing congress to make all laws which shall be necessary and proper for carrying into execution the foregoing powers, and all other powers vested by this constitution in the government of the United States, or in any department or officer thereof. The judicial department is invested with jurisdiction in certain specified cases, in all which it has power to render judgment. That a power to make laws for carrying into execution all the judgments which the judicial department has power to pronounce is expressly conferred by this clause, seems to be one of those plain propositions which reasoning cannot render plainer."

Further on in the same opinion he said:

"The question really adjudged is whether the laws of Kentucky respecting executions passed subsequent to the process act are applicable to executions which issue on judgments rendered by the federal courts."

And, after showing that the states had no inherent power, and none conferred by congress to regulate proceedings on such executions, he still further on said:

"It seems not much less extravagant to maintain that the practice of the federal courts and the conduct of their officers can be indirectly regulated by the state legislatures by an act professing to regulate the state courts, and the conduct of the officers who execute the process of those courts. It is a general rule that what cannot be done directly from a defect of power cannot be done indirectly. The right of congress to delegate to the courts the power of altering the modes [established by the process act] of proceedings in suits has been already stated; but were it otherwise, we are well satisfied that the state legislatures do not possess that power."

Under these principles, the laws of the state adopted by general rule of the court pursuant to the laws of the United States for the governing of the liens, and guidance of the marshal in serving executions, derived their force from the United States, and not from the state; and a suit arising upon the proper construction of those laws would seem to arise under the laws of the United States. The laws of the state were not extended over this subject, but were resorted to for expression of what the laws of the United States should be in this behalf. The legislature of Vermont in early times passed "an act for the punishing high treason and other atrocious crimes as said act stands in the Connecticut law-book." Slade's State Papers, 267. Probably no one would claim that a proceeding under this law in Vermont was not a proceeding under the

laws of Vermont. In *Ex parte Siebold*, 100 U. S. 371, an election officer of the state of Maryland had been punished by the United States circuit court for that district for misconduct at an election of members of congress under laws of the state. The objection was made to the proceedings that the punishment was for a violation of state laws. As to this Mr. Justice BRADLEY for a majority of the court said:

"It is true that congress has not deemed it necessary to interfere with the duties of the ordinary officers of election, but has been content to leave them as prescribed by state laws. It has only created additional sanctions for their performance, and provided means for supervision, in order more effectually to secure such performance. The imposition of punishment implies prohibition of the act punished. The state laws which congress sees no occasion to alter, but which it allows to stand, are in effect adopted by congress. It simply demands their fulfillment. Content to leave the laws as they are, it is not content with the means provided for their enforcement. It provides additional means for that purpose, and we think it is entirely within its constitutional power to do so."

This reasoning shows that, when a state law is adopted by or under the authority of congress, it becomes a law of the United States, and that a suit arising under such a law arises under the laws of the United States. This motion has been argued on the part of the oratrix somewhat as if the jurisdiction of this court depends on want of it in the state court. But no question is, or can well be, made about the jurisdiction of that court. If this court has jurisdiction, it is concurrent with that of that court, and the suit might have been brought in either; and, when brought in that, the defendant had the same right to remove it to this that the oratrix had to bring it in this. The suit of *Cutter Co.* v. *Jones*, was between citizens of the same state, but it arose upon the laws of Vermont relating to attachments and executions, and the service of them, as adopted by the rules of this court, and was maintained in this court without question as arising under the laws of the United States, 21 Blatchf. 138, 13 Fed. Rep. 567. *Lamaster* v. *Keeler*, 123 U. S. 376, 8 Sup. Ct. Rep. 197, arose upon the laws of Nebraska as adopted by congress and the rules of the circuit court of the United States for the district of Nebraska, and was brought in, or removed into, that court without other apparent ground of jurisdiction. If this ground of jurisdiction had not been sufficient, the cases would not have been retained, but would have been dismissed by the courts *sua sponte.*

Motion denied.