LESLIE v. BROWN et al.

(Circuit Court of Appeals, Sixth Circuit. November 9, 1898.)

No. 542.

1. INJUNCTION—ENFORCEMENT OF BOND—RIGHTS OF SURETIES.
    The court which grants an injunction, and takes an injunction bond to save the defendant from loss caused thereby, may, in an ancillary proceeding, summarily enforce such bond against the sureties; but in such proceeding, at least when the amount of recovery is uncertain, the sureties must have notice and their day in court before the amount of damages is fixed against them.

2. JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTION—ENFORCEMENT OF INJUNCTION BONDS.
    A federal court has jurisdiction of an action at law brought on an injunction bond taken by such court as one to enforce a right secured to the plaintiff by the constitution and laws of the United States and arising thereunder.

3. INJUNCTION—JUDGMENT AGAINST SURETIES ON BOND—VALIDITY.
    A judgment in an equity suit, in which an injunction had been issued and an injunction bond taken, entered by agreement between the par-

ties, but without notice or process against the sureties, which purported to fix the amount of liability on the injunction bond, is void as against the sureties, and cannot be made the basis of an action at law against them to recover such amount.

In Error to the Circuit Court of the United States for the District of Kentucky.

This suit was begun by filing the following petition:

The pla'.itiff, James Harvey Leslie, says that at the June term, 1893, of the circuit court of the United States for the district of Kentucky, held at Frankfort, the plaintiff duly recovered against one M. Schamberg judgment for the sum of forty-six hundred and sixty-seven dollars ($4,667), with interest thereon from the 3d day of February, 1891, and thereafter execution was duly issued upon said judgment, and, while the same was alive and in full force and effect, was placed in the hands of the United States marshal for the district of Kentucky, to do execution thereof; but before the execution thereof, and while the same was alive and in full force and effect, the said M. Schamberg filed in this honorable court at Covington his certain bill of complaint, and therein such proceedings were had as that on the 19th day of August, 1893, an order was therein duly entered enjoining this plaintiff from proceeding further upon his said judgment. Said order is in words and figures as follows, to wit:

"This cause being heard upon the bill and amended bill and the motion of complainant for a restraining order, upon notice to defendants given July 28, 1893, it is ordered that the defendant, James Harvey Leslie, and John B. Leslie, and their agents and servants, and all other persons, are enjoined and restrained, until the further order of the court, from proceeding further against the complainant or his property, under a certain judgment rendered in this court at its June term, held at the city of Frankfort, in a certain action then and there pending, wherein James H. Leslie, the defendant herein, was plaintiff, and the complainant herein, M. Schamberg, was defendant; said judgment being for the sum of forty-six hundred and sixty-seven dollars ($4,667), with interest. But this order shall not issue until bond shall be executed by the complainant, with surety to be approved by the clerk of the court at Covington, in the sum of eight thousand dollars ($8,000), conditioned to pay the damages and all injury sustained by the defendant by reason of the injunction, if the order therefor shall have been wrongfully obtained or said injunction be dissolved."

And thereupon the said M. Schamberg, in pursuance of said order, duly executed in said court his certain injunction bond, with the defendants M. H. Houston and George N. Brown as his sureties in the sum of eight thousand dollars ($8,000), which bond is in words and figures as follows, to wit:

"We undertake that the complainant, Meyer Schamberg, will pay to the defendants James Harvey Leslie and John B. Leslie the damages, not exceeding eight thousand dollars, sustained by them or either of them by reason of the injunction in this cause, if the order therefor entered August 1, 1893, shall have been wrongfully obtained or said injunction be dissolved.

"Witness our hands this August 5, 1893.                M. Schamberg, by
                                                              "M. H. Houston, by   .
                                                      "Harvey Myers, his Attorney in Fact.
                                                                  "George N. Brown, by
                                                      "Harvey Myers, his Attorney in Fact.
"Approved August 5, 1893.                              Jos. C. Finnell, Clerk.
"Taken and acknowledged before me this 5th day of August, 1893.
                                                          "Jos. C. Finnell, Clerk."

Said order was executed upon the marshal, who returned said fi. fa. unexecuted.

And thereafter such proceedings were duly had in said cause as that on the 20th day of September, 1894, by judgment entered therein, said injunction was dissolved, and it was adjudged that the plaintiff herein recover of the said Schamberg six per cent. damages upon the amount of the judgment

enjoined, and his costs, and it was further adjudged that the plaintiff might have execution upon his said judgment for forty-six hundred and sixty-seven dollars, with interest at six per cent. per annum from the 3d day of February, 1891, until paid, and for said damages and costs. A copy of said judgment is filed herewith, as part hereof.

And he says that thereafter, on the 1st day of March, 1895, the plaintiff herein caused to be issued upon said judgment the writ of fieri facias directed to the marshal of the United States for the district of Kentucky, commanding him to make of the estate of the said Schamberg the sum of six thousand and twenty-three dollars and seventy-eight cents ($6,023.78), with interest at the rate of six per cent. per annum from December 1, 1894, until paid, and the further sum of two hundred and thirty-seven dollars and eighty cents ($237.80) costs; and, while said writ was alive and in full force and effect, it was placed in the hands of the said marshal to do execution thereof, and by him was, while the same was alive and in full force and effect, duly levied upon all the real estate of said plaintiff: and thereafter, on the 22d day of April, 1895, being the first day of the regular April term of the Pike county court, the said marshal did, at the court-house door, in the town of Pikeville, Pike county, Kentucky, being the county where said land is situated, and after due advertisement, offer said land at public outcry to the highest and best bidder, in satisfaction of said writ of fieri facias, when this plaintiff bid for said land an aggregate sum of one thousand dollars ($1,000), and the same was struck off to him at that price, he being the highest and best bidder; and after deducting the commission of the marshal, thirty-nine ($39) dollars, said writ of fieri facias was credited with the sum of nine hundred and sixty-one dollars ($961), and no more: and plaintiff says his said judgment is entitled to said credit, and no more, and he says that said Schamberg has no other property subject to execution, and that he has demanded payment of the balance thereof of defendants, who fail and refuse to pay the same or any part thereof.

Wherefore he prays judgment against the defendants M. II. Houston and George N. Brown for six thousand and twenty-three dollars and seventy-eight cents ($6,023.78), with interest from December 1, 1894, until paid, subject to a credit of nine hundred and sixty-one dollars ($961) as of April 22, 1895, and for the further sum of two hundred and thirty-seven dollars and eighty cents ($237.80) costs, and for the costs of this action, and all proper relief.

James York,<br>Harvey Myers,<br>Attys. for Plff.

The judgment in the equity suit, referred to in the petition, was as follows:

"After the submission of the entitled cause, the parties, plaintiffs and defendants, in their proper persons and by their counsel, Hallam and Myers for complainants, and James M. York for defendants, agree to the rendition of the following judgment: It is agreed, and the court adjudges, that the defendant James Harvey Leslie is entitled to have the judgment rendered at the June term of the United States court at Frankfort, Ky., perpetuated, and may have mesne process on the same for the collection thereof, together with the costs and damages hereinafter adjudged. It is further adjudged by the court that the defendant James Harvey Leslie has never had his judgment satisfied, in whole or in part, rendered at Frankfort, Ky., at the June term of the United States circuit court, 1893. It is now and therefore adjudged by the court that the defendant James Harvey Leslie is entitled to recover against the now plaintiff, but former defendant, Meyer Schamberg, the sum of forty-six hundred and sixty-seven dollars ($4,667), with interest thereon at the rate of six per cent. per annum from the 3d day of February, 1891, until paid, and his costs herein expended, as well as all other costs of a former trial and judgment. It is further adjudged by the court that injunction sued out by the plaintiff, Meyer Schamberg, be, and the same is hereby, dissolved, and the defendant James Harvey Leslie be, and he is, adjudged entitled to recover on the dissolution of said injunction the sum of six per cent. damages on the sum of $4,667, and may have execution against the plaintiff, Meyer Scham-

berg, for the sum of forty-six hundred and sixty-seven dollars, and for interest on the same from the 3d day of February, 1891, until paid. The clerk of the court will tax the costs of this action, as well as the damages herein adjudged, before issuing execution thereon, which execution will issue at the expiration of sixty days, unless paid. It further appearing from the record in this case that one M. H. Houston and Geo. N. Brown are sureties for plaintiff in the injunction bond, and the said injunction has been adjudged dissolved, it is now adjudged by the court that the said M. H. Houston and Geo. N. Brown be, and they are, directed to pay into this court, within twenty days from the entry of this judgment, the sum of $4,667, with interest thereon at the rate of six per cent. per annum from the 3d day of February, 1891, until paid, and the costs and damages herein adjudged to be taxed by the clerk of this court. The defendants, not having any desire to obstruct the plaintiff in his right to ingress and egress over the road deeded him, nor over the road known as the 'Mill Road,' since the execution of the writing signed by the plaintiff and filed in this action, it is now agreed and adjudged that the plaintiff have the right to use the road known as the 'Mill Road' for all purposes of ingress and egress to the said plaintiff's lands, he paying the defendant John B. Leslie the damages stipulated for in the writing, in case any ensues, and this cause is continued."

To this petition the defendants demurred, specially on the ground that the petition did not state grounds sufficient to give the court jurisdiction of the subject-matter, and generally on the ground that the petition did not state facts sufficient to constitute a cause of action against the defendants, no breach of the bond being alleged. The court below sustained the demurrer, on the ground that the petition was based on the judgment in equity against the sureties, which, being on its face an agreed judgment between the creditor and the principal debtor, entered without notice to the sureties, was void, and could not, therefore, be made the basis for a recovery. The court intimated some doubt as to whether there was jurisdiction to sue in the federal court on such an obligation.

Harvey Myers, for plaintiff in error.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

TAFT, Circuit Judge (after stating the facts). It is settled by the cases of Russell v. Farley, 105 U. S. 433, and Meyers v. Block, 120 U. S. 207, 7 Sup. Ct. 525, that the court which grants an injunction, and takes an injunction bond, to save the defendant from loss caused thereby, may, in an ancillary proceeding, summarily enforce this bond against the sureties; but in such a proceeding, at least when the amount of recovery is uncertain, the sureties must have notice and their day in court before the amount of damage is fixed against them. The amount of recovery under this bond was not certain.

We have no doubt that an action at law in the federal court may be brought on such a bond, provided the necessary amount is involved, on the ground that the plaintiff is enforcing rights secured to him under the constitution and the laws of the United States. The cases of Merryfield v. Jones, 2 Curt. 306, Fed. Cas. No. 9,486, and Bein v. Heath, 12 How. 168, referred to by the learned judge at the circuit, in which a contrary view is taken, were decided at a time when the circuit courts of the United States did not have original jurisdiction to enforce causes of action arising under the laws and

constitution of the United States. This branch of the jurisdiction of the circuit courts was not conferred until the act of 1875.

Coming now to the merits of the case, we concur in the view of the court below that the petition of the plaintiff was based upon the judgment against the sureties entered in the suit in equity. It is manifest that the judgment entered in the equitable proceeding was a mere agreement between the obligee of the injunction bond and the principal obligor, and that the sureties on the bond had no notice of the judgment by process and did not consent thereto. Such a judgment rendered, without notice or process, of course was void. The demurrer was properly sustained. An application was made, after the court's ruling, for leave to amend the petition so as to set out in detail a breach of the bond, without reliance upon the judgment. The learned judge refused to allow this amendment. We cannot say that this was an abuse of his discretion. There ought, however, to be no doubt created by the dismissal of this petition which would embarrass the obligee in the injunction bond in bringing a new suit upon that bond, in which he may be permitted to set up the actual damage which was suffered, and for which the bond renders the sureties liable. The court, therefore, is directed to modify the judgment rendered by inserting therein that the dismissal of the petition is without prejudice to the right of the plaintiff to file a new suit upon the injunction bond, in which he shall not base his right for recovery upon the judgment in equity. Thus modified, the judgment of the court below is affirmed.