PURNEEL, District Judge.
In June, 1901, complainant filed a bill in equity in aid of his action at law, and on June 14, 1901, applied, to and obtained from the Circuit Judge at Charleston, S. C., an order restraining defendants from cutting, etc., on the land described in the bill, or removing trees, lumber, or in any way trespassing on the lands described, or selling or disposing of or receiving the same, until the date of the further hearing. This order was filed June 15, 1901. On August 15, 1901, defendants gave notice, of which service was accepted, of a motion on September 4, 1901, to vacate the restraining order, which motion was allowed. After an adjournment at the instance of counsel on September 7,. 1901, after argument, the order was vacated and dissolved; defendants paying into the registry of the court $10,500; “said amount being the full amount due complainant upon the mortgage debt set out in the pleadings; said amount to be in full satisfaction, also, of the judgment in Pasquotank superior court in the case of Terry v. Robbins et ah, except as to cost.” The cause was held for further directions. The restraining order seems to have been served on June- 20, 1901 (but there is no return on the order), and vacated September 7, 1901; hence was in force 78 days. The cause was on the 9th day of June, 1902, referred to a special master, to inquire and report what damages, if any, the defendants, or either of them, were entitled to by reason of the restraining order, if the same had been improvidently issued, etc., in the usual form of such orders. The special master having filed his report finding the restraining order was improperly issued, and defendant Eillian F. Naylor was entitled to damages in the sum of $2,670.57, exceptions were filed by complainant; and upon such exceptions, and a motion of defendant to confirm such report, the cause was heard.
It may be noted, as shown by the record, every indulgence has been extended to the complainant, Harvey Terry, because he is a nonresident, residing at Columbus, Ohio, has been sick pending the proceedings, and for other reasons. This accounts for much of the delay.
A statement of facts from the record is necessary for an understanding of the cause, and the questions decided in the progress of the litigation: Complainant filed a bill alleging, among other things, that he had instituted a suit at law to recover a sum of money due on bonds secured by a mortgage on certain parcels of real estate in Pasquotank county, N. C., executed by the purchaser thereof, Thos. *727 H. Robbins, one of the defendants. Complainant further alleges that upwards of $10,000 was due and unpaid on said bonds and mortgage at the time of the commencement of his action at law and his suit in equity in this court, demand for payment, and payment refused. Defendants, or some of them, claim a tender of the money due complainant was made to him; but, from the record and the argument, it does not appear this was done until after the commencement of the action to recover upon the bonds, and complainant denies that any legal tender of the amount due him upon said bonds and mortgage was ever made. Thos. H. Robbins, the above grantee and mortgagor, and his wife, conveyed to their daughter Lillian F. Naylor, by deed dated June 16, 1896, reciting as consideration therefor a nominal sum and “other valuable consideration,” the land pledged to secure the payment of the bonds and mortgage executed by defendant T. H. Robbins. In September, 1900, defendants Lillian F. Naylor, Thos. H. Robbins, and wife, Adelia, sold to the Elizabeth City Lumber Company all of the merchantable timber on the original tract of land, 12,338 acres, which tract embraced the 8,500 acres pledged to' secure the payment of the mortgage and bond in question. Complainant further alleges that the defendants are cutting and removing the timber from the land (its principal value) pledged for the payment of the purchase money of the land sold to the defendant T. H. Robbins, and thus depreciating his security and denuding the land of its valuable timber trees, and that the maker of said bond is insolvent and unable to respond in damages, and that unless defendants are restrained he will suffer irreparable loss and damage, and concludes with a specific prayer for an injunction restraining defendants from cutting, logging, or removing any lumber or thing of value from the land until the bonds given by said defendant are paid and liquidated in full.
The order of reference to the special master limited him, by its terms, to an inquiry and ascertainment of damages, if any. He exceeded his prerogative by his finding that the injunction order was “improperly issued” by the Circuit Judge. This is a question for the Circuit Court which issued the order, not for a special master.
The bond required by the Circuit Judge when the restraining order was issued was $500, but the special master finds the damages to be $2,670.57. Counsel also agree in support of this finding, apparently inadvertent to the state and federal authorities to the effect that such damages cannot exceed the amount nominated in the bond, even as against the party obtaining the restraining order, unless the same was maliciously obtained.
Defendants have never denied the material allegations of the bill, but admit the debt was due and unpaid, as evidenced by the bonds and a judgment in the state court therefor, the mesne conveyances set out, and that timber was being cut and removed from the land. On the hearing defendants tendered and paid into court the amount claimed, except the first bond, due one year after date, which the state Supreme Court (Terry v. Robbins, 128 N. C. 140, 38 S. E. 470, 83 Am. St. Rep. 663) decided had been discharged and extinguished by the acceptance of another note for the one secured by the said mort *728 gage. This decision this court held was a judgment of a court of competent jurisdiction, binding on the complainant, which this court could not and would not review. It is conclusive of the matter. To this ruling complainant excepted; exception allowed. This constituted a proper cause for injunctive relief; hence the “finding” of the special master that the restraining order was “improperly issued” is reversed.
The bond of complainant was in the sum of $500, which is the limit-of liability for damages by reason of the issuance of the restraining order. Counsel concede, unless the injunction was maliciously obtained, damages are limited to the amount of the bond; otherwise, personal punitive damages may be awarded. It appears defendants do not claim or expect damages from the sureties on the bond, but to recover of complainant personally—to get more from him than the note of $2,000, “discharged and extinguished” without payment— for no notice or process has been issued to or served upon the sureties, without which there can be no recovery against them. They are entitled to their day in court before recovery. Leslie v. Brown, 32 C. C. A. 556, 90 Fed. 171. The case will therefore be considered as to complainant, Terry, only. There is no evidence in the record, and the special master does not find as a fact that the restraining order was maliciously obtained; and this court is of the opinion it was not improperly obtained, as before stated, but complainant was, on the bill, entitled to injunctive relief. Complainant may be a troublesome litigant, but the course of the other parties, as disclosed by this litigation, does not commend them to much consideration in a court of equity. The cause discloses a conviction on their part that sharp practice, undue advantage, and other methods which border on fraud, are as necessary to a timber deal as standwq trees. With over $10,-000 due and unpaid, tricked out of a note of $2,000, and interest thereon for two years, complainant, living in a distant state, learning the security for his debt was being denuded of its value, asked that defendants be restrained from further waste. This he was entitled to, and the court can see no maliciousness in the action which should subject him to punitive or any other kind of damages.
It is therefore considered, ordered, and decreed that the report of the special master herein, awarding uamages against the complainant, Harvey Terry, in the sum of $2,670.57, be, and the same is hereby, reversed, it is further considered, ordered, and decreed that the defendants, Lillian F. Naylor, Thos. H. Robbins, Adelia S. Robbins, the Elizabeth City Lumber Company, and Chas. L. Hinton, pay the cost of the reference herein, made at their instance, to be taxed by the clerk of this court. A final decree will be entered in accordance herewith.

 8. See Injunction, vol. 27, Cent. Dig. § 591.