MISSISSIPPI VALLEY FUEL CO. et al. v. WATSON COAL CO.

(Circuit Court of Appeals, Seventh Circuit.    June 28, 1912.)

No. 1,873.

1. COURTS (§ 281*)—FEDERAL COURTS—ANCILLARY JURISDICTION.
     Where a federal court had granted a mandatory injunction in a pend-
ing equity suit, requiring the defendant to comply with a contract to
make deliveries of coal to the complainant expressly conditioned on
prompt payment by complainant, to secure which a bond was required,
the court had ancillary jurisdiction of a proceeding to enforce pay-
ments on such bond, whether in the same or a separate action, and re-
gardless of the residence of the parties.
     [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 820–825; Dec.
Dig. § 281.*]

2. ABATEMENT AND REVIVAL (§ 8*)—ANOTHER ACTION PENDING—IDENTITY OF
     ISSUES.
     The pendency of the equity suit was not ground for abatement of an
action at law on the bond, brought against both principal and surety.
     [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§
39–56, 58–63, 68, 72; Dec. Dig. § 8.*]

In Error to the Circuit Court of the United States for the East-
ern District of Illinois; Francis M. Wright, Judge.

Action at law by the Watson Coal Company against the Missis-
sippi Valley Fuel Company and the American Surety Company of
New York. Judgment for plaintiff, and defendants bring error.
Affirmed.

The plaintiffs in error were defendants below in a suit at law, brought by
the defendant in error for recovery upon a bond, executed by the plaintiffs
in error in its favor; and this writ of error is prosecuted from a judgment
entered, pursuant to the verdict of a jury "impaneled to hear the evidence
and assess the damages sustained by the plaintiff." For brevity in naming
the parties, the defendants below are referred to respectively as Fuel Com-
pany and Surety Company, and the plaintiff below as Coal Company. The
suit was commenced in a state court and removed to the trial court, on peti-
tion showing diversity of citizenship.

The declaration of the Coal Company upon the bond avers in substance:
The Fuel Company had theretofore filed its bill for relief against the Coal
Company for enforcement of an alleged contract to furnish coal to the Fuel
Company, and had obtained therein a preliminary writ of mandatory injunc-
tion wherein the order required the Fuel Company to furnish the bond in
question, conditioned for the payment of coal delivered by the Coal Company
pursuant to the order, and such bond was executed accordingly. Deliveries
of coal were made, pursuant to the order, of the value of $15,000, and the
Fuel Company had refused payment thereof.

The Fuel Company entered a special appearance, and thereupon interposed
its plea to the jurisdiction of the court, averring in substance that the Fuel
Company is a corporation aggregate, organized under the laws of Missouri
and a citizen and resident of that state and a nonresident of Illinois, at the
date of the commencement of suit "and from thence hitherto"; that the pre-
tended service upon it was by delivery of summons therein to its president,
Kreikemeier, who was also a resident of St. Louis, Mo., where the principal
office of the corporation was and still is located, "and this action is not a
local action"; that there was then pending in the trial court on the equity
side thereof "a suit or proceeding involving the same identical subject-matter
in controversy in this suit," wherein the Fuel Company was complainant and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the Coal Company was defendant, referred to as "case No. 526"; that on the day of the pretended service herein a hearing in said court "was being had in said case," and said president of the Fuel Company "was present at said hearing" as such president, necessarily assisting therein; that "while said hearing was in progress in the courtroom of said court" the pretended service was made by the sheriff delivering to said president a copy of the summons, "and was not made at any other time or place"; and that the Fuel Company has not been served otherwise than above mentioned. It further avers that the defendant "was exempt or privileged from the service of process in this cause, and the said service upon it is and was a nullity." The plea was overruled by the trial court on demurrer interposed by the Coal Company, and the Fuel Company "stood by this plea, asked no leave to amend or file additional pleas, and has assigned the sustaining of this demurrer as error."

The Surety Company also interposed several pleas to the declaration, two of which were overruled on demurrer, and the third was subsequently withdrawn. The first plea thereof is the only one relied upon for reversal. It alleges in substance the pendency in the trial court of the above-mentioned equity suit, No. 526, and proceedings thereunder upon issues joined, including a reference to a master to take testimony and report thereon; that the master had taken testimony and had reported in respect of deliveries of coal to the amount of $12,282.43, for which the Coal Company was entitled to payment, but that the Fuel Company had sustained damages for breaches of the contract for an amount stated, which should be deducted therefrom; that the declaration herein is filed by the Coal Company "in a plea of debt on the same identical subject-matter, promises, and undertakings involved in the said equity suit, as by the record and proceedings thereof remaining in this court more fully appear"; that the real parties in interest are the same in both suits, and that said prior suit in equity is still pending, "and no final determination, judgment, or decree has been entered therein"; that when decree is entered therein it will "settle and determine all of the questions involved in this suit."

The Fuel Company entered no formal appearance, other than the above-mentioned special appearance for the pleas, although the bill of exceptions shows cross-examination of the witnesses by its counsel, and that the value of the coal delivered and fact of delivery and nonpayment therefor, as found by the jury, appear from such cross-examination to be conceded facts.

R. P. & C. B. Williams, of St. Louis, Mo., and H. M. Steely, of Danville, Ill., for plaintiffs in error.

William M. Acton, of Danville, Ill., W. O. Potter, of Marion, Ill., and Blevins & Jamison, of St. Louis, Mo., for defendant in error.

Before SEAMAN and KOHLSAAT, Circuit Judges, and SANBORN, District Judge.

SEAMAN, Circuit Judge (after stating the facts as above). Under the writ of error no question is presented whether a meritorious controversy arose between the parties over liability upon the bond in suit, and it goes without saying that tender of defense thereto was not needful, if reversible error appears in overruling both of the pleas interposed, respectively by one and the other defendant below. Whether want of jurisdiction over the defendant Mississippi Valley Fuel Company (hereinafter mentioned as the Fuel Company), principal in the joint and several bond, if well pleaded, would require disturbance of the verdict as against the surety defendant, American Surety Company (hereinafter referred to as the Surety Company), as contended, may not rightly be assumed. See Minor v. Mechanics' Bank, 1 Pet. 46, 73, 7 L. Ed. 47; 1 Freeman

on Judgments, § 136, and cases cited. The sufficiency, however, of both pleas is involved for determination under the assignments of error, and the questions for solution are: (1) Was personal jurisdiction over the defendant Fuel Company vested in the trial court? and (2) Was reversible error committed in overruling the plea in abatement, founded on the pendency of the equity suit described therein?

[1] 1. The contentions under the plea of want of jurisdiction over the Fuel Company are twofold: (a) That it was a foreign corporation, not located nor doing business in the state of Illinois and not subject to suit therein, under the settled rule in the federal jurisdiction, whatever may be the rule in respect thereof governing the state courts in Illinois; and (b) that the alleged service of process in the suit (commenced in the state court), was made upon its nonresident president, while he was attending the federal court (which became the trial court through removal of the suit), as the necessary representative of the Fuel Company, in a hearing of its bill in equity pending therein as described in the plea, was not within the jurisdiction for any other purpose, and was entitled to immunity from such service, as ruled by various authorities cited, federal and general. Each of these propositions set forth in the plea and argument as to the tests of valid service for federal jurisdiction is predicated on two assumptions, without which neither becomes material, namely: First, that the jurisdiction of the trial court over the Fuel Company, for the purpose of the suit, rested alone on the sufficiency of such service; and, second, that the validity of the service in the state court must be ascertained through the rules referred to, applicable to service of process in federal courts, irrespective of any rule thereupon which may have been controlling in the jurisdiction from which the suit was removed. The first premise thus assumed involves the paramount inquiry to be considered, and the second may be dismissed with this remark: That upon each proposition of the plea decisions of the Supreme Court of Illinois are brought to our attention wherein rules appear to be adopted in reference to amenability to service of civil process, which may be at variance, respectively, with one and the other rule invoked for the plea, so that the effect thereof would necessarily enter into determination of the issue, were jurisdiction otherwise well challenged under the averments.

We are of opinion, however, that the trial court possessed jurisdiction over the Fuel Company, for all purposes of the suit, irrespective of either question raised by its plea. It was plainly within such jurisdiction for complete relief between the parties, under its bill filed and pending therein (on the equity side of the court) against the Watson Coal Company for specific performance of an alleged contract for deliveries of coal, inclusive of the deliveries involved in the present suit. It had obtained therein a mandatory injunctional order for such deliveries, under an express requirement to make payments promptly as provided in terms, and to furnish the bond (in suit) to secure performance thereof on its part. For

such cases the doctrine is well settled, as upheld in the leading authority (Russell v. Farley, 105 U. S. 433, 26 L. Ed. 1060), that federal courts in equity are vested, not only with complete jurisdiction over the parties for all issues arising under the bill, but that jurisdiction thus acquired extends as well for enforcement, in favor of a defendant therein, of any bond which may have been required of and executed by the complainant under an injunctional · order for his benefit, and that such jurisdiction for needful relief, if not directly exercisable under the issues, may be exercised by ancillary proceedings, either in equity or on the law side of the court, against both principal and sureties in a bond so executed. Meyers v. Block, 120 U. S. 206, 7 Sup. Ct. 525, 30 L. Ed. 642; Leslie v. Brown, 90 Fed. 171, 32 C. C. A. 556; Empire State, etc., Co. v. Hanley, 136 Fed. 99, 69 C. C. A. 87. Thus, had application been made therein by the Coal Company for enforcement of such liability under the bond against principal and surety, it is unquestionable that proceedings to that end would have been authorized, either in the equity suit or at law, as advised.

Whether the course adopted of instituting the suit in the state court, for enforcement as well against the surety was well advised, may have been treated by the trial court as beside the inquiry of jurisdiction over the Fuel Company for all the purposes thereof. However regarded, we believe such procedure could not disturb the existing jurisdiction over its person through the equity suit. So, when the suit at law was removed to the trial court, on petition of the Fuel Company, such jurisdiction rightly extended for entertainment thereof, with the parties present in fact, irrespective of the issues tendered by the plea as to valid service; and we believe error is not well assigned for overruling such plea.

[2] 2. The plea setting up the equity suit by way of abatement was interposed by the Surety Company, and we are at loss to understand the theory upon which error is assigned for denial of abatement on its behalf. It is not averred that proceedings were then pending or tendered in any form for enforcement of the bond, and whatever may have been assumed as the groundwork of the plea we are impressed with no view thereof which would authorize disturbance of the judgment. As above mentioned, the prior proceedings in equity were within the jurisdiction of Judge Wright, and thus within his judicial knowledge for administration. His ruling upon the plea is presumptive, therefore, of an understanding that enforcement of the bond, in the proceedings at law, was neither inconsistent therewith, nor would be permitted to disturb equities arising therein; and no doubt is entertainable that the paramount jurisdiction in equity extends to that end and will be so exercised.

The several assignments of error are overruled accordingly, and the judgment of the court below is affirmed.