# National Surety Co. *v.* Fletcher.

*Action on Detinue Bond.*

(Decided April 23, 1914. 65 South. 150.

*Detinue; Action on Bond; Law Governing.*—In an action on a detinue bond given in a Federal court, defendant in detinue cannot recover attorney's fees as such fees are not allowed in the Federal courts, notwithstanding he may have successfully defended the detinue suit. (U. S. Comp. Stat. 1901, p. 684.)

Appeal from Montgomery Circuit Court.

Heard before Hon. S. L. Brewer.

Action by James H. Fletcher against the National Surety Company as surety upon a detinue bond given in

the federal court. Judgment for plaintiff and defendant appeals. Reversed and remanded.

STEINER, CRUM & WEIL, for appellant. In the federal courts, attorney's fees are not regarded as a part of the recoverable damages in a suit on a bond given therein, and the same rule must be applied by the state court where suit is brought on such bond.—U. S. Rev. Stat. § 709; *Tullock v. Mulvane*, 184 U. S. 497; *Oelrichs v. Williams*, 15 Wall. 211. The very judgment entry of the court precludes appellee from recovering anything other than the actual costs.

RUSHTON, WILLIAMS & CRENSHAW, for appellee. The bond was given as required by § 3778, Code 1907, and the United States Statutes, §§ 914-5, do not deny the right to recover damages including counsel's fees, where the detinue suit is successfully defended.—*Gay v. Burgess*, 59 Ala. 575; *Foster v. Napier*, 74 Ala. 393; 48 C. C. A. 436. The cases cited by appellant are without application as they apply to attorney's fees on bonds given in injunction suits.

SOMERVILLE, J.—In an action on a statutory detinue bond given by the plaintiff in a detinue suit unsuccessfully prosecuted by him in a federal court, the trial court ruled that reasonable counsel fees incurred by the defendant in defending that suit are recoverable by the obligee as an element of the damages covered by the bond. The bond was conditioned as required by section 3778 of the Code, viz., that if the plaintiff should fail in the suit he would pay the defendant all such costs and damages as he might sustain by reason of the wrongful complaint. The propriety of this ruling is the only question presented by this appeal.

It is a firmly established rule of the federal courts, in the absence of any special statute to the contrary, that a successful defendant cannot recover such counsel fees, even where the plaintiff has wrongfully invoked special process and given a bond of indemnity to the defendant. —*Oelrichs v. Williams,* 15 Wall. 211, 21 L. Ed. 43; *Tullock v. Mulvane,* 184 U. S. 497, 22 Sup. Ct. 372, 46 L. Ed. 657; *Gilbert v. American Surety Co.,* 121 Fed. 499, 57 C. C. A. 619, 61 L. R. A. 253; *Lindeberg v. Howard,* 146 Fed. 467, 77 C. C. A. 23, 8 Ann. Cas. 709; *N. Y. Cen. Co. v. Bank,* 195 Fed. 456, 115 C. C. A. 358. The argument for the appellee is that this general rule does not apply where the damnifying action, though brought in the federal court, is prosecuted under the authority of and in accordance with the provisions of state statutes, and not under a law or laws of the United States, that the detinue writ and proceedings here involved were founded solely upon Alabama statutes, and that an indemnity bond given pursuant thereto has been held by the Alabama court to include counsel fees as an element of recoverable damages. Hence the (alleged) conclusion that such a bond must be so construed when filed in an action brought in the federal court.

In *Tullock v. Mulvane,* 184 U. S. 497, 22 Sup. Ct. 372, 46 L. Ed. 657, an injunction bond had been given in a suit in the federal court, and the obligee had brought an action for damages thereon in the state court, and on appeal the state Supreme Court had held that counsel fees were recoverable as an element of damage.—58 Kan. 622, 50 Pac. 897; 61 Kan. 650, 60 Pac. 749. On error to the Supreme Court of the United States it was held that the measure of liability on the bond was a federal question, as involving an assertion by plaintiff in error of "an immunity from liability depending on an authority exercised under the United States"; and, ap-

plying the federal law that counsel fees are not a part of recoverable damages, the judgment of the Kansas court was reversed. The decision seems to be founded primarily on the theory that the bond in question was exacted under the authority of the practice rule No. 90, which merely adopts the English rules of practice where convenient of application and other express provision has not been made. Some weight seems to have been given, also, to the general consideration that, if "the bond given in a federal court is not to be construed with reference to the rules of law applicable to such bonds in such court, then there can be no certain general rule by which to determine the liability of the obligors upon the bond."—184 U. S. 505, 22 Sup. Ct. 375, 46 L. Ed. 657. As finally stated by the opinion, the principle affirmed was "that a bond given in pursuance of a law of the United States was governed, as to its construction, not by the local law of a particular state, but by the principles of law as determined by this court, and operative throughout the courts of the United States," citing especially *Bein v. Heath*, 12 How. 168, 178, 13 L. Ed. 939.

This principle being thus settled, it only remains to determine whether the detinue bond here involved was executed and given under "a law of the United States." Section 916 of the United States Revised Statutes (U. S. Comp. St. 1901, p. 684) provides that judgment creditors in federal courts "shall be entitled to similar remedies upon the same, by execution or otherwise, to reach the property of the judgment debtor, as are not provided in like causes by the laws of the state in which such court is held," etc. Section 915, immediately preceding, provides that the plaintiff in common-law causes "shall be entitled to similar remedies, by attachment or other process, against the property of the defendant, which are now provided by the laws of the state," etc., with

the proviso that "similar preliminary affidavits or proofs, and similar security, as required by such state laws, shall be first furnished by the party seeking such attachment or other remedy." In *Cooke v. Avery*, 147 U. S. 375, 13 Sup. Ct. 340, 37 L. Ed. 309, it was held that the lien of a federal court judgment, and the remedies thereon, though in accordance with the provisions of the Texas statutes, existed by virtue of section 916, and it was said that the disposition of the issue "depended upon the laws of the United States and the rules of the Circuit Court, and their construction and application were directly involved." See, also, *Files v. Davis*, (C. C.) 118 Fed. 465; *Leslie v. Brown*, 32 C. C. A. 556, 90 Fed. 171; *Sowles v. Witters* (C. C.) 46 Fed. 497.

So, under section 915, it cannot be seriously doubted that, in administering remedies *similar* to those provided for state courts, the federal court does so, not by authority of a state law, but solely by virtue of the federal statute, which adopts them and authorizes their use. The proviso that "similar security as is required by state laws" shall be given before the issuance of the writ very clearly relates to the form and substance of the bond, and not to the elements of damage that may be recognized by the state courts as a part of their general jurisprudence. And we think it must be presumed that, when a federal court grants an extraordinary writ at the suit of a plaintiff, on the bonded condition that for a wrongful resort thereto he shall indemnify the defendant for such damages as he may suffer, the damages intended are only such as are recognized by the law of the forum.

The case of *Fidelity, etc., Co. v. Bucki*, 189 U. S. 135, 23 Sup. Ct. 582, 47 L. Ed. 745 (affirming *Bucki v. Fidelity, etc., Co.*, 109 Fed. 393, 48 C. C. A. 436), is not in conflict with the views expressed above, but rather,

we think, supports them. There an action had been brought in the state court of Florida on an indemnity bond given in an attachment suit prosecuted in the state court; and, the bond action having been transferred to the federal District Court, counsel fees for defending the original attachment suit were allowed, and on appeal the ruling was affirmed. The Supreme Court, by Mr. Justice Brewer, said: "Liability for these counsel fees, being, as declared by its highest court, a part of the obligation assumed by the obligor in an attachment bond given in the courts of Florida, should be enforced in every court in which an action on such a bond is brought. This action was commenced in a circuit court of the state, and if it had proceeded there to judgment unquestionably a liability for counsel fees would have been sustained, and it cannot be that by removing the case to the federal court such liability has been taken away. In *Tullock v. Mulvane,* 184 U. S. 497, 505 [22 Sup. Ct. 372, 375, 46 L. Ed. 657], we held that when a bond had been given in a case pending in the federal court, and an action was thereafter brought in the state court on such bond, the rule of liability was that existing in the federal court in which the bond was given."

We think it is sufficiently clear that, under the authorities above noted, counsel fees were not recoverable in an action on this bond in any court, whether state or federal. The judgment will therefore be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.