BAKER & BENNETT CO. v. N. D. CASS CO. et al.

(Circuit Court of Appeals, Second Circuit. May 12, 1915.)

No. 284.

INJUNCTION ☞241—LIABILITY ON BOND—MANNER OF DETERMINING.

On dissolution of a preliminary injunction, for which a bond was given, the court has the discretion to itself determine the liability thereon, or to leave the defendant to his remedy by an action at law.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 544–552; Dec. Dig. ☞241.]

Appeal from the District Court of the United States for the Southern District of New York.

See, also, 220 Fed. 918, 136 C. C. A. 484.

Hillary C. Messimer, of New York City, for appellants.
T. H. Anderson, of New York City, for appellee.

Before COXE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. The complainant as exclusive licensee, brought suit in equity against the defendant for infringement of United States letters patent No. 45,249 for a design for sets of character blocks. The District Court granted a preliminary injunction, subject to the filing of a bond by the complainant in the sum of $5,000 to secure the defendants. The condition of the bond reads:

"Now, therefore, the condition of the foregoing obligation is such that if the plaintiff shall pay to the defendants so enjoined such damages, not exceeding the above-named sum, as they may sustain by reason of the injunction, if the court finally decides that the plaintiff is not entitled thereto, then this obligation shall be void; otherwise, it shall remain in full force and effect."

March 12, 1914, the injunction issued and remained in force until September 22d, when the District Court entered a decree on final hearing awarding a perpetual injunction with the statutory damages in the sum of $500. This court upon appeal reversed the decree with costs. The mandate dated January 26, 1915, commanded the District Court to take such further proceedings in accordance with the decision of this court as according to right and justice and the laws of the United States ought to be had. March 8, 1915, the defendants petitioned the District Court for the appointment of a special master in an ancillary proceeding to assess under the injunction bond the damages sustained by them between March 12 and September 22, 1914. March 11th the petition was denied, from which order the defendants have taken this appeal.

Though the fact does not appear in the record, it is admitted that the judgment of the District Court upon the mandate of this court dismissing the bill was entered March 16, 1915, and that it has since been paid by the complainants. We do not understand that Judge Lacombe, in denying the petition for the appointment of a special master, intended to hold that the defendants were not entitled to recover at all, but only to exercise the discretion that lay in him to say whether the liability upon the bond should be determined in an ancillary proceeding in this cause or in an independent action at law.

In Russell v. Farley, 105 U. S. 433, 445, 26 L. Ed. 1060, Mr. Justice Bradley said:

"Other cases are referred to by the counsel of the appellants to sustain their position; but upon a careful examination we are not satisfied that they furnish any good authority for disaffirming the power of the court having possession of the case, in the absence of any statute to the contrary, to have the damages assessed under its own direction. This is the ordinary course in the Court of Chancery in England, by whose practice the courts of the United States are governed, and seems to be in accordance with sound principle. The imposition of terms and conditions upon the parties before the court is an

incident to its jurisdiction over the case; and having possession of the principal case, it is fitting that it should have power to dispose of the incidents arising therein, and thus do complete justice and put an end to further litigation. We are inclined to think that the court has this power, and that it is an inherent power, which does not depend on any provision in the bond that the party shall abide by such order as the court may make as to damages (which is the usual formula in England); nor on the existence of an express law or rule of court (as adopted in some of the states) that the damages may be ascertained by reference or otherwise, as the court may direct—this being a mere appendage to the principal provision requiring a bond to be taken, and not conferring the power to take one, or to deal with it after it has been taken. But whilst the court may have (we do not now undertake to decide that it has) the power to assess the damages, yet if it has that power, it is in its discretion to exercise it, or to leave the parties to an action at law. No doubt in many cases the latter course would be the more suitable and convenient one. In the present case, however, the court did not attempt to assess any damages which the defendants may have sustained in consequence of the injunction and proceedings in the cause, but decreed that it was not a case for damages: in other words, that the bond ought not to be prosecuted. That damages were sustained is very probable. Such a litigation as this was could hardly fail to result in damage to all the parties engaged in it. But it is generally damnum absque injuria. The question before the court, or at least that which it undertook to determine, was whether, under the circumstances of the case, any damages at all ought to be recovered. Its decision was that none ought to be recovered; or, in effect that the bond ought not to be prosecuted. In view of what has already been said, we think that the court had power to decide this question."

Although the foregoing observations, so far as they apply to the power of the court to dispose of the question of damages under the injunction bond as an incident to the principal case, were obiter, they are entitled to great weight. They were so treated by the Circuit Court of Appeals of the Sixth Circuit in Leslie v. Brown, 90 Fed. 171, 174, 32 C. C. A. 556, and of the Seventh Circuit in Mississippi Co. v. Watson Co., 202 Fed. 122, 124, 120 C. C. A. 276. Both courts adopted the law as indicated by Mr. Justice Bradley, and so do we.

There being nothing whatever to show any abuse of discretion, the order is affirmed without prejudice.