### BECKER v. STANDER et al.

(District Court, E. D. Louisiana, New Orleans Division. March 8, 1927.)

No. 18606.

1. **Injunction ⊂⊃148(1)—Federal equity court may require bond on granting injunction.**

A federal court of equity has power to require the giving of a bond as a condition of granting an injunction.

2. **Injunction ⊂⊃257—In federal courts, damages for wrongful issuance of injunction are not recoverable unless bond was given.**

In the federal courts, damages are not recoverable for wrongful issuance of an injunction, unless a bond was required and given, conditioned for payment of such damages.

3. **Injunction ⊂⊃241—Federal court, requiring injunction bond, has jurisdiction to enforce it summarily in ancillary proceeding, though complainant dismissed the suit.**

A federal court of equity, which required a complainant to give a bond as a condition of granting an ex parte restraining order, has jurisdiction to enforce the bond for the benefit of defendant in ancillary proceedings, and such jurisdiction is not defeated by a voluntary dismissal of the suit by complainant.

In Equity. Suit by R. J. Becker against William Stander, Jr., and another. On motion by complainant to dismiss rule by defendants for assessment of damages on injunction bond. Motion denied.

Thomas E. Furlow, of New Orleans, La., for plaintiff.

Leander H. Perez, of New Orleans, La., for defendants.

BURNS, District Judge. On December 7, 1926, the plaintiff commenced this suit by

a bill alleging his ownership of certain lands and a trespass thereon by the defendants for the purpose of trapping fur-bearing animals.

Considering these sworn allegations and the prayer of the bill, he was granted a temporary restraining order against defendants and also a writ of sequestration ordering the marshal to sequester any furs or skins that might be in their possession. As a condition for the issuance of this order and writ, he was required to furnish two certain bonds in the sum of $1,000 each, conditioned that the plaintiff as principal and his surety would well and truly pay all damage that might result from the issuance thereof, should it be decided that the temporary restraining order or the writ of sequestration was wrongfully obtained.

On January 5, 1927, a hearing on a rule for preliminary injunction having been continued to that date on motion of defendants, who agreed that the status quo ante in the suit be preserved, the plaintiff filed an ex parte motion, reciting: "That, by reason of mover's failure to appreciate the necessity for an exact statement and proof of the legal right for the protection of which he was suing and his consequent erroneous statement to his attorney that he was the owner of the lands, instead of being the mere lessee thereof," he desired to dismiss the cause forthwith.

Thereafter the defendants filed a rule, which was made returnable February 23, 1927, ordering the plaintiff to show cause why judgment should not be rendered for certain alleged damages sustained by defendants as a result of the wrongful issuance of the restraining order, whereupon the plaintiff moves its dismissal, contending that, since the suit was discontinued, the defendants cannot proceed against plaintiff except by a separate action at law; that this court has no jurisdiction in equity over defendants' claim for damages; and, alternatively, that, under the obligation of the bond, the plaintiff has no right to proceed for damages, since it has not been judicially determined that the restraining order complained of had wrongfully issued.

Plaintiff cites authorities to the effect that a dismissal of a suit carries with it previous proceedings, so that no cause remains pending in which a third person may intervene, or in which the defendant may file an answer or plea. This is beside the point. The defendants are certainly not third persons to this record; neither are they answering or pleading to the original bill. They are making a demand for the damages precisely contemplated by the bond filed as a condition precedent to the issuance of the restraining order complained of, and base their rule for the assessment of damages upon the voluntary ex parte motion of dismissal filed by the plaintiff.

[1, 2] In Leslie v. Brown et al. (6th C. C. A.) 90 F. 171, it was held to be settled law, since the decision of Russell v. Farley, 105 U. S. 433, 26 L. Ed. 1060, and Meyers v. Block, 120 U. S. 207, 7 S. Ct. 525, 30 L. Ed. 642, that the court which grants an injunction, and takes an injunction bond to save the defendant from loss caused thereby, may, in an ancillary proceeding, summarily enforce such bond against the sureties. In the cited case of Meyers v. Block, which arose in Louisiana, the Supreme Court concluded that there could be no question of the power of a court of equity to impose any terms in its discretion as a condition of granting or continuing an injunction. In the course of that opinion notice was taken of the distinction between the law of Louisiana and that obtaining in the federal courts as courts of equity. Under the law of Louisiana, a suit for damages for the wrongful issuance of an injunction may be sustained, whereas in the courts of the United States no such damages may be claimed except upon such bond when required to be given by the court as a condition for issuing the injunction.

[3] The Circuit Court of Appeals, Seventh Circuit, in Mississippi Valley Fuel Co. v. Watson Coal Co., 202 F. 125, considers the doctrine as settled that federal courts in equity are vested, not only with complete jurisdiction over the parties for all issues arising under the bill, but that jurisdiction then acquired extends as well for enforcement, in favor of a defendant therein, of any bond which may have been required of and executed by the complainant under an injunctional order for his benefit, and that such jurisdiction for needful relief, if not directly exercisable under the issues, may be exercised by ancillary proceedings, either in equity or on the law side of the court against both principal and sureties in a bond so executed; that it is unquestionable that proceedings to that end are authorized either in equity or at law. To the same effect, see Baker & Bennett Co. v. N. D. Cass Co. et al. (C. C. A.) 224 F. 439, and a number of cases cited and considered in United States F. & G. Co. v. Burke, 238 F. 881, 885, Ann. Cas. 1918C, 93 (C. C. A. 9th).

Accordingly, the plaintiff's motion to dismiss rule will be denied, and the rule of defendants to assess damages reinstated for summary hearing.