180 So. 595

### FIDELITY–PHENIX FIRE INS. CO. OF NEW YORK et al. v. MURPHY.

### 1 Div. 293.

Court of Appeals of Alabama.
April 12, 1938.

---

[1] Ante, p. 182.

Pillans, Cowley & Gresham, of Mobile, for appellants.

Harry T. Smith & Caffey, of Mobile, for appellee.

RICE, Judge.

This is an appeal by Fidelity-Phenix Fire Insurance Company of New York and the Fidelity & Casualty Company of New York from a final judgment rendered against them in the circuit court of Mobile county, in an action at law brought by John G. Murphy.

The action was brought to recover a sum of money, claimed as damages for an alleged breach of a bond, executed by the defendants-appellants, payable to plaintiff, to stay execution on a judgment of the Supreme Court of Alabama, 231 Ala. 680, 166 So. 604, pending application by the former for a writ of certiorari to the Supreme Court of the United States, 299 U.S. 557, 57 S.Ct. 19, 81 L.Ed 410.

At the conclusion of the testimony, the trial court gave to the jury general affirmative instructions to find for the plaintiff in the amount he claimed. The jury returned a verdict in accordance therewith, upon which judgment was entered.

The following, taken from the brief filed here on behalf of appellants, seems to be in nowise controverted, to wit:

"On March 14, 1936, defendant-appellant Fidelity-Phenix Fire Insurance Company of New York petitioned the Supreme Court of Alabama for a stay of execution of judgments theretofore rendered by that court, and by the Circuit Court of Mobile County, in favor John G. Murphy and against the petitioner, to enable it to apply for a writ of certiorari to the Supreme Court of the United States. The petition was granted by the Chief Justice, conditioned upon the giving of a bond in the sum of $2500.00; which was duly executed and delivered by the petitioner, with the Fidelity and Casualty Company of New York as surety, which is the bond here in suit.

"The condition of the bond is 'that if the Fidelity-Phenix Fire Insurance Company of New York fails to make application for such writ of certiorari within the period allotted therefor, or fails to obtain an order granting its application, or fails to make its plea good in the Supreme Court of the United States, it shall answer for all damages and costs which the other party may sustain by reason of the stay; then the above obligation to be void; else to remain in full force and virtue.'

"The Fidelity-Phenix Fire Insurance Company of New York duly applied to the Supreme Court of the United States for a writ of certiorari to review the judgment of the Supreme Court of Alabama, which had affirmed a judgment of the Circuit Court of Mobile County, in favor of Murphy and against the Company. Murphy's attorneys filed in his behalf, in the Supreme Court of the United States, a brief upon the application for the writ, and expended for account of Murphy a total of $34.84, covering the cost of printing the brief and telegrams in connection therewith.

"The Supreme Court of the United States denied the application for the writ of certiorari. Fidelity-Phenix Fire Insurance Co. of New York et al. v. Murphy, 299 U. S. 557, 57 S.Ct. 19, 81 L.Ed. 410.

"Thereupon the judgments which were stayed were fully paid and satisfied, including the principal sum, penalty, interest and all costs of the trial court, the Supreme Court of Alabama and the Supreme Court of the United States.

"Murphy's attorneys had been employed by him to bring the prior proceedings under a contingent fee agreement, made at the inception of the litigation. Under this agreement, Murphy was to pay his attorneys, for their services in those proceedings, thirty-five per cent of any amount which he recovered in that suit. The fee agreement further provided that should Murphy fail to recover anything, he would owe his lawyers no fee. He did recover, as stated, and his attorneys were paid the agreed fee in full. It was expressly stipulated on the trial below that, under said fee agreement actually had between Murphy and his attorneys, said amount of thirty-five per cent of what Murphy recovered would have been payable by Murphy to his attorneys, whether or not an application for a writ of certiorari were made to the Supreme Court of the United States.

"It was further stipulated on the trial below, subject to objection as to relevancy and pertinency of the matter stipulated, that had Murphy agreed with his attorneys to pay them thirty-five per cent of the amount he claimed on a noncontingent basis, that is, to pay them whether he recovered in the prior proceedings or not; then $339.82 would be applicable to the service rendered by Murphy's attorneys in connection with the application for the writ

of certiorari; and that that sum represented the reasonable value of the services rendered by Murphy's attorneys to him in connection with the application for the writ, if any fee be reasonable."

The single question presented is whether an unsuccessful applicant for a writ of certiorari to the Supreme Court of the United States is liable, in a case such as this, to his opponent, on the bond given to stay execution on the judgment below, for the latter's attorney's fee and expenses.

The question resolves itself into two inquiries, because the sum claimed as attorney's fee actually represents but a part of an entire contingent fee, payable out of whatever was recovered on the claim.

The first inquiry, therefore, is whether plaintiff (appellee) may recover such sum in view of the fact that he was obligated to pay the same fee, out of the sum recovered, whether or not an application for the writ were made.

The second inquiry is whether the obligations of the bond be governed by state or federal law.

The question presented is the single question determined below. The total sum of the attorney's fee and expenses claimed (in opposing the petition for certiorari) is the total sum for which plaintiff sues, and was the amount of the judgment which he recovered below, and from which this appeal is prosecuted.

While it is not easy to see how appellee, the obligee of the bond in question, suffered either "damages" or "costs," in so far as the *attorney's fee* for contesting the petition for certiorari is concerned—it definitely appearing that his attorney's fee for the whole litigation would have been exactly the same, *whether* or *not* the said petition had ever been filed—yet we are not indifferent to the igenious argument advanced here by his able counsel, to the effect that he should not be penalized for having elected to pay his counsel a fee *covering these services,* in advance of their —and speculating upon their—becoming necessary. Nor are we so certain that the item of $34.84 "expense" in connection with the brief filed on appellee's behalf, in opposition to the petition for certiorari, is governed by the identical considerations, in the regard now in mind, as the item of $339.82, *attorney's fee proper.*

But our decision will be based upon the solution of the "second inquiry" mentioned by us in the third next preceding paragraph, i. e. "whether the obligations of the bond be governed by State or Federal law."

As to whether or not "reasonable counsel fees incurred in defending the suit" might be recovered by the defendant in his suit against the plaintiff (after condition broken) on a bond conditioned in the exact words of the bond in the instant case, our Supreme Court has made the following observations, to wit: "It is a firmly established *rule of the federal courts,* in the absence of any special statute to the contrary, that a successful defendant cannot recover such counsel fees, even where the plaintiff has wrongfully invoked special process and given a bond of indemnity to the defendant." (Italics ours.) National Surety Co. v. Fletcher, 186 Ala. 605, 65 So. 150, Ann.Cas.1916D, 872, citing Oelrichs v. Williams, 15 Wall. 211, 21 L.Ed. 43, and other decisions of the United States Supreme and Circuit Courts.

And our Supreme Court, in its opinion in the above case of National Surety Co. v. Fletcher, lays down—quoted, perhaps, but with its approval—the principle "'that a bond given in pursuance of a law of the United States was [is] governed, as to its construction, not by the local law of a particular state, but by the principles of law as determined by this [the United States Supreme] court, and operative throughout the courts of the United States.' [Tullock v. Mulvane, 184 U.S. 497, 22 S.Ct. 372, 46 L.Ed. 657.]" (Italics ours.)

Here, as in the said National Surety Co. v. Fletcher Case, "this principle being thus settled, it only remains to determine whether the * * * bond here involved was executed and given under 'a law of the United States.'"

We see no escape from the conclusion that it was so given. Concededly, there is no law—statutory, or otherwise—of our *state,* providing for a review of the decisions of its Supreme Court by the United States Supreme Court.

But the Constitution of the United States, and *"the Laws of the United States which shall be made in Pursuance thereof * * ** shall be the supreme Law of the Land." Const. U.S. art. 6, cl. 2.

One of the said "Laws of the United States which shall be made in Pursuance thereof," referred to, is the statute of the United States providing for the execution of bonds such as is involved here for a stay of execution pending a petition for a re-

view by certiorari of certain decisions of a (our) state Supreme Court. 28 U.S.C.A. § 350.

As we understand the case, the bond here involved was executed, taken, and approved, under the authority, i. e., *in pursuance,* of the above-cited federal statute. See Hughes Federal Practice, § 6261.

It follows that the attorney's fee— and the "expenses" incident thereto, and thereto, only—made the basis of appellee's claim in the present suit, are not recoverable.

And the trial court should have given to the jury at appellants' request the general affirmative charge to find in their favor.

For his error in refusing to do so, and, of course, for the error in giving the jury the general affirmative charge to find in favor of plaintiff (appellee), the judgment is reversed and the cause remanded.

Reversed and remanded.