(81 South. 146)

NATIONAL SURETY CO. v. O'CONNELL.*
(1 Div. 256.)

(Court of Appeals of Alabama. Nov. 12, 1918. Rehearing Denied Dec. 17, 1918.)

1. APPEAL AND ERROR ⬅787—DISMISSAL OF APPEAL—WITHHOLDING TRANSCRIPT.

Where withholding of transcript from files is not for the purpose of delaying hearing of appeal, but for purpose of perfecting appeal, motion to dismiss appeal will be denied.

2. APPEAL AND ERROR ⬅544(2)—ABSENCE OF BILL OF EXCEPTIONS—QUESTIONS PRESENTED FOR REVIEW.

The appeal being on the record and appellant having failed to perfect or have a bill of exceptions established, the only questions presented for review arise from the rulings of the court on demurrer to complaint and motion to strike certain averments thereof.

3. INJUNCTION ⬅181 — TEMPORARY RESTRAINING ORDER—DISSOLUTION—DISMISSAL OF ACTION.

Dismissal of bill for want of equity by federal court operated as a dissolution of a temporary restraining order, and was in effect an adjudication that order was improvidently issued.

4. INJUNCTION ⬅250 — BONDS — ACTION — PLEADING.

Complaint on bond given to procure dissolution of restraining order, substantially following form 7 laid down by Code 1907, § 5382, for suits on bonds with condition, is sufficient to authorize award of general damages, not required to be specifically claimed resulting from the breach of the bond sued on.

5. INJUNCTION ⬅250—BOND—ACTION—GENERAL ISSUE.

That temporary restraining order was functus officio by lapse of time and was not in force when bill was dismissed was defensive matter admissible under general issue in action on injunction bond.

6. PLEADING ⬅193(8) — DEMURRER — CLAIM FOR NONRECOVERABLE DAMAGES.

Demurrer is not the proper remedy to expunge from a complaint a claim for nonrecoverable damages.

7. COURTS ⬅97(1)—ACTION ON BOND GIVEN IN FEDERAL COURT—RULE APPLICABLE.

In an action on a bond given as a prerequisite to obtaining a temporary restraining order in an equitable proceeding in a federal court, the rule established by decisions of the United States Supreme Court as to measure of liability must, when applicable, be followed by the state court.

8. INJUNCTION ⬅239 — BOND — EXTENT OF LIABILITY.

Damages resulting from issuance of restraining order were not embraced within bond conditioned to pay "all costs and expenses and damages, which the said plaintiff might incur in the dissolving of the said restraining order should the same be held to be improvidently issued."

9. INJUNCTION ⬅239—BOND—DAMAGES RECOVERABLE—ATTORNEY'S FEES.

Bond, conditioned to pay "all costs and expenses and damages which the said plaintiff might incur in the dissolution of said restraining order," clearly embraced such expenses as attorney's fees incurred or paid by plaintiff in procuring the dissolution of the restraining order.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Certiorari denied 81 South. 660.

10. INJUNCTION ⊜⟹148(2) — AUTHORITY TO REQUIRE BOND—FEDERAL DISTRICT COURT.

In an equitable proceeding before it, the United States District Court had authority, as a condition precedent to granting a temporary restraining order, to require a bond conditioned to pay "all costs and expenses and damages which the said plaintiff might incur in the dissolution of" order.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by John C. O'Connell against the National Surety Company on a bond given by one Willis as principal, and said company as surety. From the judgment rendered, the surety company appeals. Affirmed.

Armbrecht, Johnston & McMillan and J. O. Middleton, all of Mobile, for appellant.

Gaillard, Mahorner & Arnold, of Mobile, for appellee.

BROWN, P. J. [1] The appeal in this case was taken on the 22d day of March, 1917, and was returnable on the 15th day of April, following. The first call of the division to which the case belongs, after the suing out of the appeal, was during the week embracing April 3, 1917, and on this day the case was docketed on certificate and continued. The transcript was filed on the 16th day of August, and the case was argued and submitted at the next call of the division, November 15, 1917. At the submission, counsel for appellant made a showing, which is in no way controverted, that the delay in filing the transcript resulted from the efforts of the appellant to perfect or establish a bill of exceptions, and from this showing it appears that the withholding of the transcript from the files was not for the purpose of delaying the hearing of the appeal, but for the purpose of perfecting the appeal. The motion to dismiss the appeal is therefore overruled. Codd v. Reynolds, 186 Ala. 207, 65 South. 41.

[2] The appeal here is on the record, the appellant having failed in its efforts to perfect or have a bill of exceptions established, and the only questions presented for review arise from the rulings of the court on demurrers to the complaint and the motion to strike certain averments thereof as to the elements of damages claimed.

The action is on a bond given by one Willis as principal and the appellant here as surety, in an equity proceeding in the District Court of the United States for the Southern District of Alabama, and payable to the plaintiff, as a prerequisite to obtaining a temporary restraining order restraining the appellee, who was the defendant in the equity proceeding in the federal court, from making certain alleged libelous and defamatory publications in a newspaper which he owned and was then publishing. The bond is conditioned "to pay all costs and expenses and damages which the said plaintiff might incur in the dissolving of the said restraining order, should the same be held to be improvidently issued."

[3] We have no hesitancy in reaching the conclusion that the dismissal of the bill for want of equity by the federal court on motion of the defendant in that suit operated a dissolution of the restraining order and was in effect an adjudication that such restraining order was improvidently issued. National Surety Co. v. Citizens' Light, Heat & Power Co. et al., 201 Ala. 456, 78 South. 834, and authorities there cited.

[4, 5] The complaint substantially follows the form laid down in the Code for suits on bonds with condition, and is sufficient to authorize the award of general damages, not required to be specifically claimed, resulting from the breach of the bond sued on. Code 1907, § 5382, form 7; Dothard v. Sheid, 69 Ala. 135; Nat. Surety Co. v. Citizens' Lt., Ht. & Power Co., supra. If the restraining order was functus officio by lapse of time, and was not in force when the order dismissing the bill was made, it was not dissolved by that order, and was defensive matter admissible under the general issue.

[6] This disposes of the several grounds of demurrer other than those relating to the elements of damages that are recoverable. As to such matters, it is the settled rule in this state that demurrer is not the proper remedy to expunge from a complaint a claim for nonrecoverable damages. W. U. T. Co. v. Garthright, 151 Ala. 413, 44 South. 212; Nat. Surety Co. v. Citizens' Lt., Ht. & Power Co., supra.

In Oelrichs v. Spain, 15 Wall. 211, 21 L. Ed. 43, the Supreme Court of the United States held that such expenses as fees paid to counsel incurred by a litigant in defending against and seeking the dissolution of an injunction granted by a federal court were not recoverable "damages" in a suit on injunction bonds conditioned to "prosecute the writ of injunction with effect and pay all damages and costs which the obligees or any of them shall sustain by the granting of this injunction," or to prosecute the writ of injunction "with effect and satisfy and pay as well the costs, damages, and charges which shall accrue in said circuit court * * * as all costs, damages, and charges which shall be occasioned by said writ of injunction, unless the * * * court shall decree to the contrary." This ruling has been reaffirmed in Tullock v. Mulvane, 184 U. S. 497, 22 Sup. Ct. 372, 46 L. Ed. 657, and followed by our Supreme Court in National Surety Co. v. Fletcher, 186 Ala. 605, 65 South. 150, Ann. Cas. 1916D, 872.

Nonliability for attorney's fees on a bond so conditioned is rested on two grounds: (1)

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

That, inasmuch as such fees are not recoverable as a part of the damages in ordinary actions, it is illogical to allow such fees as a part of the "damages" on a bond so conditioned; and (2) there being no fixed standard "by which the honorarium can be measured," and inasmuch as some counsel demand much more than others and some clients are willing to pay much more than others, the litigation to recover the fees on the bond might become more animated than the original litigation, resulting in an embarrassment to the court that might perchance be called upon to reduce the fees allowed by a jury or the master on reference. The court says:

"In actions of trespass where there are no circumstances of aggravation, only compensatory damages can be recovered, and they do not include the fees of counsel. The plaintiff is no more entitled to them, if he succeed, than is the defendant if the plaintiff be defeated. Why should a distinction be made between them? In certain actions ex delicto vindictive damages may be given by the jury. In regard to that class of cases, this court has said: 'It is true that damages assessed by way of example may indirectly compensate the plaintiff for money expended in counsel fees, but the amount of these fees cannot be taken as the measure of punishment or a necessary element in its infliction.' Day v. Woodworth, 13 How. 370, 371 [14 L. Ed. 181].

"The point here in question has never been expressly decided by this court, but it is clearly within the reasoning of the case last referred to, and we think is substantially determined by that adjudication. In debt, covenant, and assumpsit, damages are recovered; but counsel fees are never included. So in equity cases, where there is no injunction bond, only the taxable costs are allowed to the complainants. The same rule is applied to the defendant, however unjust the litigation on the other side, and however large the expensa litis to which he may have been subjected. The parties in this respect are upon a footing of equality. There is no fixed standard by which the honorarium can be measured. Some counsel demand much more than others. Some clients are willing to pay more than others. More counsel may be employed than are necessary. When both client and counsel know that the fees are to be paid by the other party, there is danger of abuse. A reference to a master, or an issue to a jury, might be necessary to ascertain the proper amount, and this grafted litigation might possibly be more animated and protracted than that in the original cause. It would be an office of some delicacy on the part of the court to scale down the charges, as might sometimes be necessary." Oelrichs v. Spain, supra.

This reasoning seems to lay out of view the fact that the action is on a bond given for the specific purpose of indemnifying the party against the result of unfounded and vexatious litigation, and that the measure of liability is to be determined, not by the fees charged, but by what would be reasonable for the necessary services rendered in ridding the party of the ban laid upon him by the extraordinary process of the court.

[7] The principle that seems to have controlled in Tullock v. Mulvane was "that the measure of liability on the bond was a federal question, involving an assertion by the plaintiff in error of 'an immunity from liability depending on an authority exercised under the United States,'" and, applying the federal law as announced in Oelrichs v. Spain, attorney's fees were not "damages" within the contemplation of the parties to "a bond conditioned to pay all such damages as the party sustained by the suing out of the injunction," if it was dissolved, and therefore were not recoverable as such. Whatever might be said as to the soundness of the logic and reasoning upon which liability is denied in such cases, the rule established by the decisions of the United States Supreme Court, when applicable, governs and must be followed by the state courts. National Surety Co. v. Fletcher, supra.

[8, 9] That rule, however, is not applicable to the case in hand. In this case, the court, at the instance of the appellant, held, and we think properly, that damages resulting from the issuance of the restraining order were not embraced within the conditions of the bond, and therefore were not recoverable. The only matter against which this bond provides indemnity is "all costs and expenses and damages which the said plaintiff might incur in the dissolution of said restraining order," clearly embracing such expenses as attorney's fees incurred or paid by plaintiff in procuring the dissolution of the restraining order.

[10] The only question left open, therefore, is: Did the federal court have authority to require the giving of such bond as a prerequisite to the issuance of the restraining order? There is no federal statute that prescribes the condition of such bonds, or that regulates the court in granting or refusing such writs, and it is well settled that such matters are within the sound discretion of the court, and the court is free to fix any conditions as a prerequisite to the exercise of its extraordinary power as the justice of the case may suggest. Russell v. Farley, 105 U. S. 433, 26 L. Ed. 1060; Tullock v. Mulvane, supra.

"The court, in the exercise of its discretion, frequently resorts to the expedient of imposing terms and conditions upon the party at whose instance it proposes to act. The power to impose such conditions is founded upon and arises from the discretion which the court has in such cases to grant or not to grant the injunction applied for. It is a power inherent in the court, as a court of equity, and has been exercised from time immemorial." Russell v. Farley, supra.

"As the issue of a special injunction is in its discretion, the court may impose terms upon the plaintiff or defendant when granting or refusing the issue, dissolution, or continuance

of the same, the usual terms, or the giving of a bond, or undertaking with good security to indemnify the other party against all loss that may result from the issue or withholding of the injunction." Foster's Fed. Practice, § 297.

And in section 298 this same authority states:

"The court might direct the insertion of a clause in the bond providing that counsel fees should be included in the damages."

The only expense of any consequence that could be incurred in the dissolution of the restraining order is attorney's fees, and, to deny the plaintiff the right to recover for such expenses in this action, we would have to ignore the plain import of the language used in expressing the condition of the bond, and hold that the proceeding of the federal court in requiring the bond was a mere farce, affording the party sought to be protected no indemnity whatever.

"While liability of the obligors cannot be extended beyond the precise terms of an injunction bond, it is coextensive with the terms of the bond reasonably interpreted." Ala. Power Co. v. Hamilton et al., 201 Ala. 62, 77 South. 356; Houghton v. Cortelyou, 208 U. S. 157, 28 Sup. Ct. 234, 52 L. Ed. 432.

Affirmed.