(91 South. 321)

### HATTEMER v. DAVIS. (3 Div. 476.)

(Supreme Court of Alabama. Oct. 20, 1921.
Rehearing Denied Nov. 17, 1921.)

**1. Chattel mortgages ☜229(1)—Mortgagee may recover of person who buys the property of mortgagor and resells it.**

A chattel mortgage having been recorded, and a balance being due on it, the mortgagee not having authorized sale by the mortgagor, and not being estopped, may on third person buying the property of the mortgagor and reselling it recover of such person the proceeds in an action for money had and received.

**2. Estoppel ☜55—Being misled an essential element.**

Defendant not claiming to have been misled by conduct or declarations of plaintiff or any one authorized to act or speak for her in the matter, an essential element of estoppel is lacking.

**3. Chattel mortgages ☜150(1)—No notice other than recording necessary.**

Plaintiff, having placed her chattel mortgage on record, discharged her full duty in the matter of notice, and was under no duty to prevent the mortgagor from selling, or to personally warn others not to buy, even if she had notice that they were about to do so.

**4. Chattel mortgages ☜219—Inference of authorization or assent to mortgagor's sale not supported by merely negative conduct.**

Merely negative conduct of chattel mortgagee's agent in making no objection, though knowing of the mortgagor's offering to sell and selling mortgaged cotton, held not to support inference of his having authorized or assented to the particular sale to defendant.

**5. Parent and child ☜12—Showing of certain agency held not to warrant inference of greater authority.**

From the mere showing that plaintiff's son was her agent in making a loan secured by mortgage on cotton, and perhaps one or two other loans, and that in a general way he was expected to look after the collection of the interest and principal, there can be no inference of power broad enough to authorize the releasing of her claims on the cotton or its sale by the mortgagor without payment of the debt.

**6. Principal and agent ☜178(1)—Knowledge acquired by agent as matter of personal observation not imputed to principal.**

Knowledge of mortgagee's agent as to mortgagors' course of dealing with the mortgaged cotton, not having been acquired in the course of his service as agent, but as a matter of merely personal and independent observation, cannot be imputed to his principal either constructively or presumptively, in order to raise an implication that she assented to any implied consent by him to sale of the cotton by the mortgagors without payment of the debt.

**7. Chattel mortgages ☜225(1) — Rights of purchaser of mortgaged chattels unaffected by subsequent ratification of void mortgage.**

Invalidity of chattel mortgage because of mortgagee's misrepresentations as to its nature and effect would be available to one who, after its execution and before its ratification by the mortgagors, bought the mortgaged property, as ratification would not impair intervening rights.

**8. Venue ☜50—Plaintiff held not entitled to change of venue on showing of influence of defendant in the county.**

Plaintiff is not entitled to change of venue on a showing that she is a nonresident, and that defendant is a man of influence in the county, residing in a portion thereof from which the jurors are largely drawn.

Appeal from Circuit Court, Lowndes County; A. E. Gamble, Judge.

Assumpsit by Jesse L. Hattemer, as executrix, against C. M. Davis. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

As to the change of venue, it is alleged in effect that plaintiff does not reside in the county; that she has four other suits pending for the same cause of action, and that each defendant is a prominent business man, doing a large business and having considerable influence, and that each resides in a portion of the county from which the jurors are largely drawn, and that in this case the defendant is a member of the board of revenue of the county, and a man of large means and influence and does a large mercantile business in the county.

Powell & Hamilton, of Greenville, for appellant.

The court erred in overruling motion for change of venue. Section 6116, Code 1907. The court erred in the admission of testimony and in its rulings as to agency, etc. 80 Ala. 528, 1 South. 340; 103 Ala. 203, 15 South. 567; 105 Ala. 317, 16 South. 912; 21 Ala. 425; 76 Ala. 198; 201 Ala. 422, 78 South. 800; 110 Ala. 355, 20 South. 114; 103 Ala. 545, 15 South. 863; 147 Ala. 643, 41 South. 747; 165 Ala. 567, 51 South. 745; 171 Ala. 85, 55 South. 116.

Steiner, Crum & Weil, and Holloway & Hill, all of Montgomery, J. R. Bell, of Hayneville, and R. L. Goldsmith, of Montgomery, for appellee.

The court exercised its sound discretion in denying the change of venue. 13 Enc. of Evid. 937–951; 40 Enc. 16; 67 Ala. 192. Frank Hattemer was the agent of his mother, and as such bound his principal. 24 Ala. 511; 109 Ala. 95, 19 South. 500, 55 Am. St. Rep. 915; 83 Ala. 384, 3 South. 715; 105 Ala. 316, 16 South. 912; 119 Ala. 565, 24 South. 764; 104 Ala. 188, 16 South. 46; 104 Ala. 100, 115, 16 South. 29; 101 Ala. 1, 13 South. 283. Plaintiff is estopped. 68 Ala. 409; 126 Ala. 535, 28 South. 517; 119 Ala.

219, 24 South. 760; 151 Ala. 249, 44 South. 203; 80 Ala. 251; 94 Ala. 170, 10 South. 325, 16 L. R. A. 813, 33 Am. St. Rep. 105; 109 Ala. 575, 19 South. 845; 21 Ala. 534; 9 Wall. 254, 19 L. Ed. 554.

SOMERVILLE, J. [1] The action is for money had and received by defendant to the use of plaintiff. Plaintiff held a chattel mortgage on all the cotton raised by McCrory Bros., which was duly recorded, and upon which a balance of about $11,000 was overdue in 1913, when the defendant bought some of said mortgaged cotton from said mortgagors and sold it for his own benefit, and retained the proceeds. On this state of facts plaintiff is clearly entitled to recover from defendant the proceeds of the mortgaged cotton bought and sold by him, if plaintiff did not authorize the sale by the mortgagors, and did not waive her claim, and has not estopped herself in any way.

There is nothing in the evidence to show that the mortgagee ever expressly authorized or consented to the sale of the cotton by the mortgagors to defendant, or that he was made her agent to sell it and account for the proceeds, or that she had ever expressly authorized or consented to the sale of any of the cotton covered by her mortgage. Nor is there anything to show that plaintiff, who resided out of the state except for brief visits to Ft. Deposit, had any knowledge whatever of the conduct of the mortgagors with respect to the particular cotton bought by defendant, or any of the cotton subject to her mortgage during that or previous years.

[2] Defendant does not claim that he was in any way misled by the conduct or declarations of plaintiff or of any person authorized to act or speak for her in the matter, and an essential element of estoppel is therefore lacking. Clemmons v. Metcalf, 171 Ala. 101, 54 South. 208.

[3] When plaintiff placed her mortgage on record she discharged her full duty in the matter of notice to all men of the existence of her claim, and she was under no duty to prevent the mortgagors from selling the cotton to others, nor to personally warn others not to buy it, even if she had knowledge that they were about to do so. Metcalf v. Clemmons, 200 Ala. 243, 76 South. 9.

[4] Defendant's real contention, as we gather it from the record and the argument, seems to be that plaintiff's son, J. F. Hattemer, who resided at Ft. Deposit, where all these transactions occurred, and who was her agent in making the loan to McCrory Bros., and taking this mortgage security, and looking after the collection of its interest and principal, had knowledge of the facts that the mortgagors habitually stored their cotton in a local warehouse, and offered it for sale to buyers around town in the usual way—including said Hattemer himself—and in fact sold all of their season's crop in that way, without asking Hattemer's consent and without objection from him. Defendant's theory is that, by not objecting to such disposition of their cotton by the mortgagors, Hattemer impliedly consented thereto, and thereby effectually waived the mortgage lien for and on behalf of his principal, the mortgagee.

We think, however, that no such merely negative conduct on the part of Hattemer, as agent—and nothing else is shown—can support the inference that he authorized or assented to the particular sale; nor was there anything in his dealings with the mortgagors to suggest that he had made them his agents to sell the cotton in general, and account to him for the proceeds. Carrol Merc. Co. v. Folmar, 14 Ala. App. 378, 70 South. 985; 11 Corp. Jur. 627.

[5] But, if it were conceded that Hattemer's personal conduct would support an inference of his personal assent, there is nothing in the evidence which can justify the imputation of that assent to the mortgagee, whether upon the theory of imputed knowledge or implied authority.

The evidence shows, indeed, that he was the agent of the mortgagee, his mother, in making this loan, and perhaps one or two others, and that in a general way he was expected to look after the collection of the annual interest and the principal debt for her, and that he had been doing so. It does not show that he had any powers broad enough to include the power to release the mortgagee's claim to the cotton, or to authorize its sale without payment of the debt.

[6] Nor can his knowledge of the mortgagors' course of dealing with the cotton—which was clearly not acquired in the course of his service as agent, but as a matter of merely personal and independent observation—be imputed to his principal either constructively or presumptively, in order to raise an implication that she assented to his implied consent.

[7] We have discussed this phase of the case upon the tentative assumption that the mortgage in question was a valid instrument in the hands of the mortgagee. If it was void because of fraud in its execution—misrepresentations as to its nature and effect—as to which the testimony is sufficient to take the issue to the jury, that invalidity would be available to this defendant, and a ratification of the mortgage by the mortgagors, after defendant's rights were acquired, could not impair those rights.

But, if the mortgage was a valid instrument at the time defendant bought the cotton, then plaintiff is entitled to recover, and the refusal of plaintiff's requested instruction to that effect was error which must reverse the judgment.

[8] Error cannot be imputed to the action

of the trial court in denying the motion for a change of venire on the showing made.

Let the judgment be reversed, and the cause remanded for another trial in accordance with the foregoing opinion.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.