(93 South. 820)

**Ex parte STATE ex rel. INGRAM LAND CO.**
**(5 Div. 804.)**

(Supreme Court of Alabama.   June 22, 1922.)

1. **Mandamus** �köö28—**Will lie to command exercise of discretion, but not direct it.**

Mandamus will lie to command the exercise of judgment or discretion, but will not direct the manner of its operation.

2. **Mandamus** �köö44—**Will not lie for correction of error in denying change of venue.**

Mandamus will not lie for the correction of errors, such as an erroneous refusal to grant a change of venue, though upon a proper showing of abused discretion it is available to compel a proper exercise thereof.

Petition of the State of Alabama, on the relation of the Ingram Land Company for a writ of mandamus to Hon. S. L. Brewer, Judge of the Fifth Judicial Circuit, requiring him to enter an order changing the venue of an action pending in 'the circuit court of Tallapoosa county, wherein the Ingram Land Company is the plaintiff and Nora E. Miller is the defendant.   Writ denied.

The petition avers that in March, 1919, the Ingram Land Company commenced its action in the circuit court of Tallapoosa county against Mrs. Nora E. Miller, claiming the sum of $5,000 as damages for the breach of a contract of employment by .which the plaintiff was to act as real estate broker for the defendant; that in September, 1920, a trial of said action was had which resulted in a mistrial.   It is further averred that the defendant has long resided in Tallapoosa county, where she has been and .is engaged in large mercantile activities; that by reason of doing a supply business on credit she has obligated numerous citizens of the county to her; that she is otherwise influential in the county, and has been for many years.

The petition further shows that the defendant Miller has as a partner in her mercantile business one John H. Lovelace, who has for a long time been prominent in fraternal, religious, and business circles in the county; that said Lovelace, as agent for the defendant Miller, conducted the transaction out of which plaintiff's claim arises; and that before and during the trial of said case said Lovelace and his friends were active in inducing a favorable sentiment with the jury

in behalf of the defendant.   The petition further shows that the four members of the jury trying said case, who held out for a verdict for the defendant, asserted that the defendant Miller and her deceased husband had done so much for the county that no jury thereof should render a verdict against her.   It is further averred that the petitioner, plaintiff in the action below, made application to the trial judge for a change of venue, submitting affidavits tending to show the inability of plaintiff to obtain a fair and ‚impartial trial of its case in Tallapoosa county.   Counter affidavits were offered on behalf of the defendant Miller.   After hearing, the trial judge denied the motion for a change of venue, and the plaintiff brings its petition here for mandamus to the trial judge to require him to enter an order changing the venue.

From the affidavit of A. A. Gambill it appears that affiant is engaged in the real estate business in Birmingham, Ala.; that he was instrumental in the transfer of the property involved for the defendant Miller; that the defendant and her partner, Lovelace, agreed that the commission for making said transfer should be $5,000; that affiant and Ingram Land Company had made efforts to secure the transfer of said property for defendant Miller; that they were unsuccessful but that afterwards affiant did make the trade; that a controversy arose between affiant and Ingram Land Company as to whether the latter was entitled to share in the commission; that affiant had numerous communications with defendant Miller and her partner, Lovelace, in which Lovelace brought up the matter of keeping Ingram Land Company from receiving any compensation; that said Lovelace stated that he expected to pay affiant the full amount of commission; that, if an action was brought by Ingram Land Company against affiant and defendant Miller, it should be brought in Tallapoosa county, where defendant and Lovelace had many friends and could secure a verdict in their favor, and that in said communications between Lovelace and affiant Lovelace suggested to affiant how he should testify on a trial brought by Ingram Land Company.

The counter affidavits offered in behalf of defendant Miller denied any effort on the part of defendant or Lovelace to prevent the bringing of an action by Ingram Land Company in a county other than Tallapoosa, and denied that Lovelace asserted that Ingram Land Company could not secure a verdict against defendant Miller in Tallapoosa county, in communications to said Gambill. Such counter affidavits, by citizens of Tallapoosa county, were to the effect that, while defendant   Miller and her partner were prominent in the county, they exercised no undue influence over juries which would pre-

―――――

⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

vent a fair trial of an action against the defendant Miller.

Black & Harris, of Birmingham, for petitioner.

Change of venue in a civil suit should be granted where, by reason of undue influence existing in a county in behalf of one of the parties, a fair trial cannot be had by the other party. (Sup.) 150 N. Y. Supp. 29; (Ky.) 41 S. W. 35; 105 Ky. 586, 49 S. W. 428; 140 Mo. 314, 41 S. W. 796; 5 Ind. 370; 119 App. Div. 503, 104 N. Y. Supp. 275. Mandamus is proper to correct errors of inferior tribunals, when there is no other available remedy to prevent a failure of justice. 180 Ala. 523, 61 South. 904; 114 Ala. 659, 21 South. 1017; 103 Ala. 415, 15 South. 836; 48 Utah, 342, 159 Pac. 737, 4 A. L. R. 632; 142 Mich. 272, 105 N. W. 757; 199 Ala. 678, 75 South. 312; 25 Ala. 387; 120 Ala. 117, 23 South. 733. Mandamus is the proper remedy to correct an abuse of judicial discretion. 200 Ala. 475, 76 South. 417; 180 Ala. 489, 61 South. 368; 119 Ala. 476; 23 South. 999.

James W. Strother, of Dadeville, for respondent.

Mandamus does not lie on the refusal of a change of venue. 28 Ala. 28; 52 Ala. 366; Merrill on Mandamus, 230; 100 Ill. 458; 22 Wis. 99; 24 Cal. 78. The office of mandamus is to compel an inferior tribunal to take action, not to direct what action shall be taken in a matter involving the exercise of discretion. 190 Ala. 641, 67 South. 240; 97 Ala. 107, 11 South. 892; 92 Ala. 113, 8 South. 768, 12 L. R. A. 134; High on Ext. Leg. Rem. § 147; 43 Ark. 324; 62 Ala. 252.

THOMAS, J. The petition was for change of venue in a civil case. The prayer thereof was for writ of mandamus directing the presiding judge of the circuit embracing the county of Tallapoosa "to enter an order changing the venue in" the pending case of Ingram Land Company, a partnership, against Nora E. Miller, "and transferring it for trial to some other than Tallapoosa county, Ala."

[1, 2] Relator's counsel makes the observation of the effect of the order sought, that after the circuit court having jurisdiction "had entered an order refusing to grant plaintiff's motion for a change of venue of said cause" this court "direct the circuit court of Tallapoosa county to retrace its steps, and, on the grounds of alleged error, reverse its decision already rendered"—its judgment or order made and entered in said cause and motion. However, it is—

"well-settled law that when the duty to be performed is judicial, or involves the exercise of discretion on the part of a tribunal or officer, mandamus will lie to set judgment or discretion in motion, but will not direct the manner of its exercise. The writ cannot be used for the correction of errors. If, however, judgment or discretion is abused, and exercised in an arbitrary and capricious manner, mandamus will lie to compel a proper exercise thereof." 19 Amer. & Eng. Ency. pp. 737-739; State ex rel. Mobile v. Board of Revenue, 180 Ala. 494, 61 South. 368; White v. Decatur, 119 Ala. 476, 23 South, 999." Henry v. State ex rel. Welch, 200 Ala. 475, 476, 76 South. 417, 418.

After a careful examination of the petition, return and answer of the judge, and the affidavits and counter affidavits offered, we perceive no arbitrary exercise or capricious abuse of discretion in refusing to order a change of venue. No good purpose would be subserved by a detailed recital of pleadings, or of the contents of the affidavits in support of the motion or of the counter affidavits rebutting the same.

The writ of mandamus is denied.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.