66 So.2d 130

### Ex parte MORROW.

6 Div. 552.

Supreme Court of Alabama.

May 14, 1953.

Rehearing Denied June 30, 1953.

John A. Altman, Carrollton, and W. A. Davis, Aliceville, for petitioner.

Partlow & Roberts, James J. Mayfield and Jas. W. Harrison, Tuscaloosa, for respondent.

**GOODWYN, Justice.**

This is an original petition for mandamus seeking to have set aside and vacated an order changing the venue in a will contest proceeding from Pickens County to Fayette County.

The status of the proceedings, insofar as here pertinent, is as follows: J. B. Morrow, deceased, who was a resident of Pickens County at the time of his death, was the owner of certain real property situated in Pickens County. An instrument purporting to be his last will and testament was offered for probate in the Probate Court of Pickens County by Dorothy M. Dillsworth, named therein as sole devisee and legatee. This purported will was contested by R. E. Morrow and, upon his demand, the proceedings were transferred to the Circuit Court of Pickens County. It appears that Dorothy M. Dillsworth is a resident of Walker County, Alabama, and is not relat-

ed to J. B. Morrow, deceased. R. E. Morrow is an uncle of said J. B. Morrow and resides in California. Hearing of the contest was had twice before a jury, with each hearing resulting in a mistrial. The case was last set for trial in the Circuit Court of Pickens County for February 2, 1953. On that day Dorothy M. Dillsworth filed a motion for a change of venue. This motion, leaving out the introduction and prayer, is as follows:

"1. That J. B. Morrow died on to-wit, the 20th day of April, 1951, in Pickens County, Alabama, leaving a last will and testament, naming therein your petitioner as his sole devisee and legatee. Your petitioner and movant filed said will for probate in the Probate Court of Pickens County, Alabama, within the time allowed and provided by law and that a contest was filed by said defendant, and said cause was removed to the Circuit Court of Pickens County, Alabama, on motion of said defendant and contestant. That the estate of J. B. Morrow, deceased, consisted of personalty and real estate, all located in Pickens County, Alabama, chief of which real property being a farm generally known as the 'old Morrow home-place,' and that the said J. B. Morrow left kin or persons claiming relationship by marriage, or persons claiming family ties by blood or marriage in Pickens County, Alabama, said kin or persons so claiming kin or relationship have taken an active part in said cause and have discussed said cause in and about Pickens County in order to create prejudice and bias against the plaintiff, who is a non-resident of Pickens County, Alabama, and her interest in said cause.

"That said will contest has been tried before a jury on two occasions in said county, each of said trials having resulted in a mistrial. That said trials have created widespread interest and comment in said county, causing opinions to be formed as to the issues involved in said cause. That comment has been made and spread among a large segment of the citizens of said

county regarding the actions of your petitioner following the death of the said J. B. Morrow, which are detrimental to your petitioner's interest in said cause; that there now exists prejudice in the minds of a large part of the citizens of said county against the plaintiff.

"3. That because the kin of J. B. Morrow, deceased, or those claiming family ties with the family of J. B. Morrow, deceased, are residents of Pickens County, Alabama, or have business or other interests in said county, they have many friends, associates, or acquaintances therein whereas your petitioner has few if any because she is a non-resident of said county; and that much prejudice has developed against your petitioner among the residents of said county by and through such kin, friends, associates, or acquaintances; and that there is a feeling among many citizens of said county that the estate of J. B. Morrow, deceased, should remain in the hands of the Morrow kin or those persons claiming family ties with the family of J. B. Morrow, deceased, despite their specific exclusion from said last will and testament."

Hearing on this motion was set by Judge Roy Mayhall, as Special Judge of the Circuit Court of Pickens County, for February 13, 1953, with notice being given to counsel for R. E. Morrow. Both a motion to strike and demurrers were directed to this motion. The motion to strike was denied and the demurrers were overruled. Both parties offered affidavits in support of their respective positions. Thereupon, Judge Mayhall entered an order on February 13, 1953, granting the motion for a change of venue and removing the cause to Fayette County for trial, stating in his order as follows:

"said county being the nearest county from Pickens County free from proper objection by either of the parties to this cause."

On February 24, 1953, R. E. Morrow filed in the Pickens County Circuit Court a motion to have this order set aside. On February 25, 1953, Judge Mayhall entered an order overruling said motion. On February 26, 1953, R. E. Morrow filed his petition for mandamus or certiorari in the Supreme Court. On the same day, a rule nisi was issued by this Court, together with an order staying the proceedings pending the hearing of the petition. The return day was first set for April 30, 1953, but later changed to April 15, 1953. Submission was had on April 15, 1953, on respondent's motion to quash the petition for mandamus and his demurrers to said petition, and was submitted on the merits on April 23, 1953. The submission on the demurrers to the petition was made without waiving the motion to quash, and the submission on the merits was without waiving both the motion to quash and the demurrers.

The argument is made in support of both the motion to quash the petition and the demurrers thereto that when the order changing the venue was entered the Circuit Court of Pickens County was thereby immediately divested of jurisdiction over the cause and, having lost jurisdiction, said court could not thereafter vacate or set aside the order; and since the trial court could not legally vacate or set aside the order, a mandate should not be directed to that court "to do that which it could not legally do without such mandate." Cited in support of this thesis are Ex parte Lancaster, 206 Ala. 60, 89 So. 721, 18 A.L.R. 706; Ex parte Campbell, 130 Ala. 171, 30 So. 385, and Ex parte Holton, 69 Ala. 164. While those authorities recognized the principle that when a motion for change of venue is granted, the trial court immediately loses jurisdiction and jurisdiction is immediately vested in the court to which the cause is removed, they are not authority for the precise question here presented. The jurisdiction there discussed has reference to authority to proceed with a hearing of the case itself, while here the question is whether the court granting the motion for change of venue loses all authority over the order as soon as it is made, and cannot thereafter modify, correct or vacate it.

Our view is that the Circuit Court of Pickens County, under the circumstances of this case, has not lost control over the

order. All of the records and papers are still in Pickens County. None has been sent to Fayette County. For all practical purposes, the case still remains in Pickens County. Trial of the case cannot proceed in Fayette County until transmission there of the records and papers. On the other hand, trial cannot proceed in Pickens County because of the order changing the venue to Fayette County. In such situation the order changing the venue is in fieri and may be set aside, vacated, modified, or annulled by the court making it.

The case of Servatius v. Pickel, 30 Wis. 507, expresses our views on the question perhaps more clearly and more fully than any of the other authorities which have come to our attention. It is there stated:

"* * * the question thus presented is, whether the court had the power at the same term and *before transmission* (emphasis supplied), but whilst the cause remained in it, thus to vacate an order respecting the place of trial, and to make a new order in its stead? We are clearly of opinion that the court had such power. * * *

"But with regard to applications and motions coming up *during the same term,* the power of the court to set aside, modify or change its orders and judgments has never been denied. * * * It thus appears, that within the term, courts could always modify or change their orders and judgments. * * *

"In this case, therefore, the circuit court of Fond du Lac county, in which the action was pending, had the power to change the order directing the trial to be had in Dodge county, and to substitute Winnebago county in its place, unless there be something in the order for a change of venue distinguishing it from all other orders. It is said that the court having once made an order thereupon, lost all jurisdiction over the cause, although the same had not been removed, except that it might perhaps aid in the removal which had thus been directed. The same sophistical and unsound course of reasoning would de-

prive the courts of a large part of their power to correct mistakes and remedy errors which may have intervened to the detriment of law and justice, and to the great injury of suitors. An action once dismissed could never be reinstated, and so of an appeal, which could never be restored; because, in either case, there would be no action or appeal pending when the application to re-instate or restore was made. The order changing the venue could not be interfered with or disturbed, notwithstanding the action was still present in the court, and notwithstanding the circuit court of Dodge county had acquired no actual jurisdiction. Such is the argument.

"A satisfactory answer seems to be, that *the action yet remaining in the court, so that jurisdiction, in fact, was not parted with* (emphasis supplied), the court possessed the same power and authority over that order as over any other of its own making under like circumstances. Pending the dismissal of an action on an appeal, it may, in some sense, be true, that the court is without jurisdiction of the action or appeal, and yet *the order of dismissal still remains in the court* subject to its powers of revision and correction whenever a proper case is presented. Within the rules prescribed by law, the court may operate upon and change its own order. It may revoke or annul it, and in that way jurisdiction of the action or appeal may be restored. The creature is not greater than the creator. The power which makes may, under proper circumstances, unmake or set aside the order. During the term and *before removal of the cause* (emphasis supplied), the order, therefore, was subject to revision and vacation by the court which made it, and when vacated, jurisdiction was fully restored, so that it became competent for the court to give any further direction or to make any new order respecting the place of trial, which, under the circumstances, was deemed most convenient and proper."

Of like import is the case of Ex parte Bryan, 44 Ala. 402, 405, which involved a petition for a writ of mandamus to compel the Circuit Court of Elmore County to set aside an order for a change of venue in a criminal case. It was held that the order of removal to Montgomery County could be set aside. In so holding, and also holding that mandamus is an appropriate remedy, this court said:

"No doubt that a party, after making an application for a removal of the trial to another county, may abandon it, or may have it rescinded *before the trial is actually removed,* as he could any other interlocutory order, during the term of the court at which the same was made, before its adjournment." (Emphasis supplied.)

The next question presented is whether mandamus is an appropriate remedy. Ordinarily, mandamus will not lie when the duty to be performed is judicial or involves the exercise of discretion. If, however, judgment or discretion is abused, and exercised in an arbitrary and capricious manner, mandamus will lie to compel a proper exercise thereof. Ex parte State ex rel. Ingram Land Co., 208 Ala. 28, 29, 93 So. 820. There involved was the appropriateness of a petition for mandamus to review the order of the Circuit Court of Tallapoosa County denying a motion for change of venue in a civil case. This court held that mandamus would lie. And certainly, if it is appropriate when a motion for change of venue is denied, we see no reason why it should not be appropriate when the motion is granted, so long as the order remains under the control of the trial court. The objective in both instances is to require a proper exercise of discretion.

We come now to the question of abuse of discretion. The essence of the statute, Code 1940, Tit. 7, Sec. 65, authorizing a change of venue, is that a party is entitled to a change when the court determines that "he cannot have a fair and impartial trial in the county where the suit is pending", and the further provision that "The court may direct a change *to the near-est county free from proper objection by either party,* to be determined by affidavits". (Emphasis supplied.) These provisions necessarily call for the exercise of judicial discretion by the trial court in determining, not only whether a change should be made, but also in determining the county to which the venue is to be changed. What is meant by the provision that the court may direct a change "to the nearest county free from proper objection by either party"? The suggestion is made that this means to that county which has the county seat nearest the county seat of Pickens County, if such county is "free from proper objection by either party," and if not free from such objection, then to the county having the next nearest courthouse, and so on until a county "free from proper objection" is selected. It will be noted that the requirement is not that the change be "to the nearest county", but to the nearest county "free from proper objection". This clearly means that the removal may be made in the sound discretion of the trial judge to a county not adjacent to, and not having the nearest county seat to, the county from which the removal is had. It may possibly be that none of the adjacent counties is "free from proper objection by either party". It is apparent, therefore, that the statute clearly gives to the trial court a discretion in selecting the county to which removal is had.

In selecting Fayette County, the trial judge no doubt considered the fact that Fayette and Pickens Counties are in the same judicial circuit, Code 1940, Tit. 13, Sec. 112(7), Pocket Part, Act No. 276, approved July 26, 1951, Gen.Acts 1951, p. 564, and that he had been appointed as Special Judge for Fayette County, also. Such consideration was proper.

Petitioner here complains that when the order was made he was given neither the time nor the opportunity to file affidavits showing that Fayette County, to which the cause was removed, was not free from proper objection. Even if we should assume that there is basis for this contention, we can see no reason why such objection could not have been made and ruled on

256

in connection with petitioner's motion filed on February 24th to set aside the order of February 13th. We find nothing in the record to indicate that objection to Fayette County was made in the trial court at any time. Under these circumstances we fail to see how petitioner can now complain that he was not given the opportunity to object to Fayette County. It is thus stated in 56 Am.Jur., Venue, § 77, p. 78:

"When a change of venue has been granted and another county selected, it will be presumed that the discretion of the trial judge was exercised properly, and the burden is upon one attacking his order to show affirmatively a manifest case of abuse."

The further insistence is made that most of the witnesses live in and around Aliceville, in Pickens County, which is nearer to Eutaw, the county seat of Greene County, than to Fayette, the county seat of Fayette County. Although the location of the witnesses might well be a factor for the court to consider in reaching its decision, their location and the distance they must travel are not alone determinative of the county which the court must select in ordering a change of venue.

We have carefully examined the petition, the return and answer of the trial judge, and the affidavits and counter-affidavits offered, and we are unwilling to say that there was an arbitrary and capricious exercise of discretion on the part of the trial judge in granting the order for a change of venue and ordering the removal of the cause to Fayette County. The affidavits are numerous. It would serve no good purpose to give a detailed recital of their contents.

The motion to quash the petition, and the demurrers thereto, are overruled.

The writ of mandamus is due to be denied, and the petition dismissed. It is so ordered.

Writ of mandamus denied. Petition dismissed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.