104 So.2d 691

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT and AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW–CIO), et al.**

**v.**

**N. A. PALMER.**

**8 Div. 848.**

Supreme Court of Alabama.

Nov. 15, 1956.

Rehearing Denied June 5, 1958.

Further Rehearing Denied Aug. 28, 1958.

Adair & Goldthwaite, Thos. S. Adair and J. R. Goldthwaite, Jr., Atlanta, Ga., Harold A. Cranefield, Detroit, Mich., and Sherman B. Powell, Decatur, for appellants.

Julian Harris and Norman W. Harris, Decatur, for appellee.

SIMPSON, Justice.

Action for damages by N. A. Palmer against the defendant Union and one Michael Volk. The complaint consists of two counts. Count 1 claims damages of the defendants for unlawfully and maliciously preventing plaintiff from engaging in his employment. Count 2 is similar to Count 1, except that it alleges a conspiracy between the defendants in connection with the same matter alleged in Count 1. Before trial the defendants filed a motion for change of venue which was denied. The case was then tried by a jury which returned a verdict for the plaintiff for $18,450, and the defendants bring this appeal.

The defendants, appellants, assign as error the ruling of the court denying their motion for a change of venue. The plaintiff, appellee, argues that the denial of a motion for change of venue in a civil action is not such a ruling of the trial court that may be reviewed by this court on an appeal from final judgment in the cause; that the proper method of review in a civil action is by a writ of mandamus

prior to trial. We regard the argument of appellee as well taken.

In criminal actions the refusal of an application for change of venue may be reviewed on appeal after final judgment under authority of Code of 1940, Title 15, § 267. But the change of venue statute for civil actions does not provide for such a review. Code of 1940, Title 7, § 65.

■ The theory seems to be that the refusal of the trial court to grant a motion for change of venue is not reviewable on appeal from final judgment in a civil case, because a change of venue in a civil case is at the sound discretion of the trial court. Ex parte Morrow, 259 Ala. 250, 66 So.2d 130; Ex parte State ex rel. Ingram Land Co., 208 Ala. 28, 93 So. 820; and such rulings as a rule are not subject to review on appeal from a final judgment in the cause. Mazer v. Brown, 259 Ala. 449, 66 So.2d 561; National Surety Co. v. O'Connell, 16 Ala.App. 654, 81 So. 146, certiorari denied 202 Ala. 684, 81 So. 660. Upon a proper showing of abused discretion of the trial court in denying a motion for change of venue in a civil action, a writ of mandamus is available to compel a proper exercise thereof. Ex parte Morrow, supra; Ex parte State ex rel. Ingram Land Co., supra.

Justice McClellan in an early case, Kansas City, M. & B. R. Co. v. Sanders, 98 Ala. 293, 299, 13 So. 57, 59, stated that this court could not review on appeal the action of the trial court in denying a change of venue in a civil action in the following language:

"Under statutes of force prior to the act of February 17, 1835, (Code, § 4485 [now Alabama Code 1940, Tit. 15, § 267],) it was many times decided that the action of a *nisi prius* court, denying an application for a change of *venue*, was not revisable on appeal to this court. * * * The act referred to has no bearing upon civil cases whatever. Its sole reference is to cases involving the trial of an indictable offense, and with respect to these alone it provides that the refusal of an application for a change of *venue* may be reviewed and revised on appeal. This leaves the rule which obtained before the statute as to all cases still applicable to all civil cases; and we will not review the action of the trial court, in this case, in denial of the defendant's application for a change of *venue*."

We know of no case and none has been cited to us contra to the rule in the Sanders case. It is true that we have held on appeal in a civil case that the trial court properly refused a motion for change of venue. Hattemer v. Davis, 206 Ala. 613, 91 So. 321. But the point, that the denial of a motion for change of venue could not be considered on appeal was not raised in the Davis case.

The appellant argues that the rule in the Sanders case, supra, was changed by Act of 1915, p. 598, now Code of 1940, Title 7, § 214, which provides:

"All motions, including motions of a new trial, which are made in writing in any circuit court or any court of like jurisdiction in any cause or proceeding at law, shall, upon an appeal become a part of the record; and the ruling of the court thereon shall also be made a part of the record, and it shall not be necessary for an exception to be reserved to any ruling of the court upon any such motion; and it shall constitute a part of the record proper on appeal. (1915, p. 598.)"

■ But this statute did not have the effect of making rulings reviewable on appeal, which were theretofore not reviewable. Its import was to make every motion in writing and the ruling thereon a part of the record proper, and rendered it unnecessary to reserve an exception to the ruling on a written motion. The scope of review was not thereby enlarged. As

Chief Justice Anderson said in National Surety Co. v. O'Connell, supra:

"We must not be understood, however, as sanctioning the opinion of the Court of Appeals, in so far as it reviews or would revise the ruling upon motion to strike nonrecoverable items or immaterial averments from the complaint, as we have a long line of decisions holding that the ruling upon such motions is not revisable by this court, and that advantage must be had by objecting to the evidence or by special instructions. * * * The Act of 1915, p. 598, does not change or abrogate this rule. It merely dispenses with the necessity of setting written motions out in the bill of exceptions or of excepting to the ruling upon same, but does not enlarge as to what would or would not be reversible error as to the action taken upon same by the trial court; *in other words, it does not make rulings upon same that were not heretofore revisable upon appeal reviewable since the enactment of said statute.*" (It. sup.)

The statement relied upon by the appellants in Du Pree v. Hart, 242 Ala. 690, 692, 8 So.2d 183, 185, that, (citing the above statute): "All motions in writing occurring prior to the rendition of the final judgment may be reviewed on appeal from that judgment." is limited by the rule in the O'Connell case, supra.

■ The result of the foregoing is that the denial of the appellant's motion for change of venue may not be considered by us on this appeal.

It is pertinent to mention here that we considered appellants' motion for change of venue in this case on its merits and denied such motion when it was before us on a petition for writ of mandamus. Ex parte International Union, United Automobile, Aircraft and Agricultural Implement Workers of America (UAW–CIO), Ala., 90 So.2d 726.

At this point it should be observed that this case on its merits is practically a companion case to the case of International Union etc. v. Russell, 264 Ala. 456, 88 So.2d 175. Both this case and the Russell case arose out of the same set of facts, were tried by the same attorneys, had the same trial judge, and were tried on similar pleadings with evidence substantially identical. Due to the similarity of the two cases, many of the errors assigned in this case have already been considered and disposed of by this court.

Since the appellants' assigned errors 2, 13, 14, 16, 17, 18, 19 and 20, which relate to the jurisdiction vel non of the trial court, oral charges concerning injuries to an engine, objections to evidence on the engine episode, and the introduction of a motion picture film were considered by us in the other case, supra, and each held not to be error, we will not here consider those assignments of error. Assignment of error 15 concerns the admission of still pictures of the picket line. These pictures portray a portion of the events shown by the motion picture film. Of consequence it is not deemed necessary to discuss these pictures separately. All of the above mentioned assignments are held to be untenable on authority of the Russell case, supra.

■ The remaining assignments of error will be considered only if supported by proper argument. Supreme Court Rule 9, Code 1940, Tit. 7, Appendix.

■ The refusal of the court to give defendants' requested charges numbered 5 and 7 (assignments of error 8 and 9 respectively) are separately assigned as error and argued. The principles of law contained in these charges were substantially and fairly covered in the court's oral charge and in charges given at the request of the defendants. Therefore, the refusal to give these charges was not error. Lackey v. Lackey, 262 Ala. 45, 76 So.2d 761; Atlantic Coast Line R. Co. v. French, 261 Ala. 306, 74 So.2d 266; City of Bessemer v. Clowdus, 261 Ala. 388, 74

So.2d 259; Alabama Code of 1940, Title 7, § 273.

■ Assignment 12 complains that the trial court committed reversible error in commenting upon the evidence by stating in the presence of the jury that the court would refuse to give requested charge 16 unless the defendants agreed to add certain words to the charge. The defendants would not agree for the words to be added, so the charge was refused. The refusal of the charge is not argued as error, but the defendants insist that the comment by the judge is error. It is sufficient to say that the defendants did not invite any ruling by the court with respect to the matter nor did they reserve an exception to the statement. There is nothing therefore, to review. Lackey v. Lackey, supra; Rutledge v. Brilliant Coal Co., 247 Ala. 40, 22 So.2d 428; Wilson v. Federal Land Bank of New Orleans, 230 Ala. 75, 159 So. 493.

■ The appellants argue under their assignment of error 4 that the verdict was contrary to the great preponderance of the evidence in that there was no evidence to prove that the plaintiff would have earned any wages even if he had entered his place of employment. The same argument was presented to us in the other case noted above; and what was said there equally applies here. We stated in the Russell case, supra, 88 So.2d at page 184:

"Appellants argue that the evidence clearly shows that plaintiff's employer closed the plant to all hourly-rated employees pursuant to an agreement between the employer and the union, and that even though plaintiff had been able to cross the picket line, no work would have been available to him. The record in this case is very lengthy, making it impractical to set out the evidence in this opinion. It is sufficient to say that there was evidence introduced on behalf of the plaintiff which contradicts the defendants' evidence, and which, if believed, would justify a verdict for plaintiff. Under

these circumstances, we will not overrule the trial court's ruling on the motion for new trial. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Smith v. Smith, 254 Ala. 404, 48 So.2d 546; Bell v. Nichols, 245 Ala. 274, 16 So.2d 799."

The appellants insist in their argument under assigned errors 5 and 6 that the $18,450 verdict is excessive and that the court was in error for this reason in overruling the motion for a new trial. The damages recoverable were for loss of wages, mental anguish and punitive damages. In his argument to the jury the plaintiff requested $450 for loss of wages, which leaves $18,000 awarded for mental anguish and exemplary damages. We have no way of knowing what part of the verdict is attributable to each of these latter two considerations.

■ The damages that may be awarded for pain and mental anguish are in a large measure discretionary, within reasonable bounds; and unless the amount awarded is so excessive or so inadequate as to indicate prejudice or passion, the rule is not to reverse. Austin v. Tennessee Biscuit Co., 255 Ala. 573, 52 So.2d 190; Byram & Co. v. Livingston, 225 Ala. 442, 143 So. 461; Louisville & N. R. Co. v. Robinson, 213 Ala. 522, 105 So. 874. The same rule applies to punitive damages.

■ Stated another way, the matter of damages must be left to the discretion of the jury, whose judgment will not be interfered with unless the amount is so excessive as to show passion or prejudice, or other improper motive. International Union etc. v. Russell, supra; Key v. Dozier, 252 Ala. 631, 42 So.2d 254; Powell v. Bingham, 29 Ala.App. 248, 196 So. 154, certiorari dismissed 239 Ala. 515, 196 So. 160.

■ And where the trial court refuses to grant a new trial because he does not think the verdict to be excessive, the favorable presumption attending the verdict of the jury is thereby strengthened. Bir-

mingham Electric Co. v. Howard, 250 Ala. 421, 34 So.2d 830; McEntyre v. First Nat. Bank of Headland, 27 Ala.App. 311, 171 So. 913.

Considering that the trial proceeded with all due calmness and fairness; that the jury was properly instructed as to damages; that these damages included recovery for loss of wages, mental suffering, and punitive damages; and considering the nature of the wrong complained of and the necessity of preventing similar wrongs, we cannot say with any degree of certainty that the damages awarded indicated such misconduct on the part of the jury and that the trial court committed reversible error in failing to grant the new trial on the stated ground.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and SPANN, JJ., concur.