268 So.2d 822

**B. H. MATHIS**

v.

**BOARD OF SCHOOL COMMISSIONERS OF MOBILE COUNTY.**

**S. C. 9.**

Supreme Court of Alabama.

Oct. 26, 1972.

Rehearing Denied Nov. 30, 1972.

Pillans, Reams, Tappan, Wood, Roberts & Vollmer, and Geary A. Gaston, Mobile, for appellee.

Robert P. Denniston, Mobile, for appellant.

SOMERVILLE, Justice.

This is an appeal from a judgment rendered in the Circuit Court of Mobile County in favor of the appellee, Board of School Commissioners and against appellant B. H. Mathis.

The pertinent facts for the purposes of this opinion may be summarized as follows:

The appellee, as plaintiff below, filed a civil suit for monies fraudulently collected by appellant in connection with repairs performed by him on numerous schools in Mobile County. After certain pleadings had been settled the appellant filed a motion for a change of venue charging that he could not get a fair and impartial trial in Mobile or other South Alabama counties, due to highly unfavorable and prejudicial publicity from the press and from radio and television stations serving those areas.

After a hearing and the taking of testimony on the motion, it was denied and the case was tried in Mobile County before a jury, which returned a verdict for the appellee in the amount of $66,863.40. Judgment was rendered in accordance with the verdict and the appellant perfected his appeal. Appellant assigned numerous errors, but due to an incomplete transcript confesses that he cannot argue Assignments 1 through 21.

Assignment 22 states error in the court's order denying appellant's motion for a change of venue, and Assignments 23 through 31 all deal with the rulings of the trial court with respect to the admissibility of testimony and documentary evidence at the hearing of said motion.

■ It has long been established in Alabama that the denial of a motion for a change of venue in a civil action is not such a ruling of the trial court as may be reviewed by this court on an appeal from a final judgment in the cause.

In Kansas City M. & B. R. Co. v. Sanders, 98 Ala. 293, 13 So. 57, the opinion of the elder Justice McClellan stated that the Act of February 17, 1885 (now Title 15, § 267, Code of Alabama 1940, Recompiled 1958) giving a right to review on appeal the refusal of an application for a change of venue is limited in application to cases involving the trial of an indictable offense and has no bearing upon civil cases. Accordingly the court refused to review the action of the trial court in that civil case in denying the defendant's application for a change of venue.

And in International Union, United Automobile, Aircraft and Agr. Implement Workers of America v. Palmer, 267 Ala. 683, 104 So.2d 691 this court approved the rule in the Sanders case, supra, and held that it was not changed by Title 7, § 214, providing that all written motions in the Circuit Court and all rulings thereon shall upon appeal become a part of the record proper and making it unnecessary for an exception to be reserved to any ruling on such motion. Judge Simpson's opinion in International Union, etc. v. Palmer contains the following language:

"The defendants, appellants, assign as error the ruling of the court denying their motion for a change of venue. The plaintiff, appellee, argues that the denial of a motion for change of venue in a civil action is not such a ruling of the trial court that may be reviewed by

this court on an appeal from final judgment in the cause; that the proper method of review in a civil action is by a writ of mandamus prior to trial. We regard the argument of appellee as well taken.

"In criminal actions the refusal of an application for change of venue may be reviewed on appeal after final judgment under authority of Code of 1940, Title 15, § 267. But the change of venue statute for civil actions does not provide for such a review. Code of 1940, Title 7, § 65.

"The theory seems to be that the refusal of the trial court to grant a motion for change of venue is not reviewable on appeal from final judgment in a civil case, because a change of venue in a civil case is at the sound discretion of the trial court. Ex parte Morrow, 259 Ala. 250, 66 So.2d 130; Ex parte State ex rel. Ingram Land Co., 208 Ala. 28, 93 So. 820; and such rulings as a rule are not subject to review on appeal from a final judgment in the cause. Mazer v. Brown, 259 Ala. 449, 66 So.2d 561; National Surety Co. v. O'Connell, 16 Ala.App. 654, 81 So. 146, certiorari denied 202 Ala. 684, 81 So. 660. Upon a proper showing of abused discretion of the trial court in denying a motion for change of venue in a civil action, a writ of mandamus is available to compel a proper exercise thereof. Ex parte Morrow, supra; Ex parte State ex rel. Ingram Land Co., supra."

In the case at bar the appellant elected not to pursue the remedy of mandamus to review the trial court's exercise of discretion denying his motion for a change of venue and under the above authorities the matter is not subject to review on this appeal. Hence we find Assignments of Error 22 through 31, all addressed to the requested change of venue, to be without merit.

Appellant's able counsel urges us to abandon the long established rule enunciated in the *Sanders* and *Palmer* cases, supra, and to permit on appeal review of adverse rulings on applications for changes of venue. He suggests that the rule is impractical and burdensome due to the volume and complexity of data required to be presented to and evaluated by the court in cases involving prejudicial publicity through modern news media. We concede such possibility for the future, but we do not think the situation requires an immediate change in appellate procedure. For the present we adhere to the existing rule.

The brief of appellant refers to and argues additional Assignments of Error 32 through 45, but these do not appear in the record. On motion of appellant this court on August 1, 1972 made the following order:

"It is ordered, on the motion of the appellant, that the appellant be, and he is hereby, granted permission to make, within 15 days after this date upon the record in this cause, the additional assignments of error as stated in the motion filed with this Court on July 24, 1972."

The additional Assignments of Error, not having been entered on the record in this case within said 15 day period, will not be considered. Rule 1, Revised Rules of Practice in the Supreme Court, Title 7, Code of Alabama, Appendix.

No assignments remaining to be considered, there is nothing before the court for review. The judgment must be affirmed. Belcher v. City Commission of City of Birmingham, 280 Ala. 252, 192 So.2d 454; Ex Parte Russell, 280 Ala. 30, 189 So.2d 760; Morris v. Morris, 278 Ala. 217, 177 So.2d 324; Trussell v. Ripps, 277 Ala. 248, 168 So.2d 619.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.